# COVINGTON AND CINCINNATI BRIDGE COMPANY *v.* HAGER.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF KENTUCKY.

No. 37.  Submitted October 17, 1906.—Decided Novemoer 5, 1906.

Circuit Courts of the United States, until Congress shall otherwise provide, have no power to issue a writ of mandamus in an original action for the purpose of securing relief by the writ, although the relief sought concerns an alleged right secured by the Constitution of the United States.

THE facts are stated in the opinion.

*Mr. Shelley D. Rouse* and *Mr. Charlton B. Thompson* for plaintiff in error:

As to power of the Circuit Court to issue the writ:

There was no way in which the lower court could enforce its jurisdiction except by a writ of mandamus because jurisdiction could not be entertained in a direct suit to recover the money, and so no judgment could have been recovered. Amendment XI to Const.; *Coulter* v. *Weir*, 127 Fed. Rep. 897.

The collection of the tax would not be enjoined by a Federal court purely because of its unconstitutionality, in the absence of a distinct equity. *Arkansas Bldg. Association* v. *Madden*, 175 U. S. 269; *Pittsburg Ry. Co.* v. *Board of Public Works*, 172 U. S. 32.

A writ of mandamus may be issued by a Federal court wherever necessary to enforce its jurisdiction. U. S. Comp. Stat. § 716; *Barber Asphalt Co.* v. *Morris, Judge,* 132 Fed. Rep. 945; *Bath County* v. *Amy*, 13 Wall. 244; *Rosenbaum* v. *Bower*, 120 U. S. 450; *Graham* v. *Norton*, 15 Wall. 166; *Davis* v. *Corbin*, 112 U. S. 36; *Riggs* v. *Johnson County*, 6 Wall. 166; *Heine* v. *Levee Com.*, 19 Wall. 655; *Louisiana* v. *Jumel*, 107 U. S. 711; *Davenport* v. *City of Dodge*, 105 U. S. 237; Curtis on Jurisdiction of U. S. Courts, p. 168.

*Mr. N. B. Hays*, Attorney General of the State of Kentucky, *Mr. John W. Ray* and *Mr. C. H. Morris*, for defendant in error:

A United States Circuit Court has no power, or original process, to mandamus a state auditor. *Graham, Auditor,* v. *Norton*, 15 Wall. 427.

MR. JUSTICE DAY delivered the opinion of the court.

In this case an original action in mandamus was begun in the Circuit Court of the United States for the Eastern District of Kentucky. It was brought by the Bridge Company to compel the Auditor of Public Accounts for the State to issue his warrant on the state treasury for the amount of a franchise tax collected under authority of sections 4079 and 4080 of the Kentucky Statutes. The return of the tax was asked upon the ground that it levied a burden on the interstate commerce business of the Bridge Company, pertaining exclusively to commerce between Kentucky and Ohio, and was therefore repugnant to the Federal Constitution.

The Auditor appeared by counsel, and, by general demurrer, raised the question of the sufficiency of the allegations of the petition, and by special demurrer challenged the jurisdiction of the court to entertain the action. The Circuit Court, passing the question of jurisdiction, held that levying the tax in question did not violate the commerce clause of the Federal Constitution, as it was a tax upon property and not upon the business of the company, sustained the general demurrer and dismissed the petition.

We are of the opinion that the court below had no jurisdiction of this action. It has been too frequently decided in this court to require the citation of the cases that the Circuit Courts of the United States have no jurisdiction in original cases of mandamus, and have only power to issue such writs in aid of their jurisdiction in cases already pending, wherein jurisdiction has been acquired by other means and by other process.

Many of these cases are collected in 4 Federal Statutes Annotated, 503.

The question was before this court recently in *Knapp* v. *Lake Shore & Michigan Southern Railway Co.*, 197 U. S. 536, an action by the Interstate Commerce Commission, by petition for mandamus in the Circuit Court of the United States for the Northern District of Ohio, against the Lake Shore and Michigan Southern Railway Company to compel it to file reports required by the act to regulate interstate commerce. It was argued for the Government that while decisions of this court under the Judiciary Act of September 24, 1789, c. 20, 1 Stat. 73, and the act of March 3, 1875, 18 Stat. 470, had been construed to confer no original jurisdiction in mandamus in the United States courts, yet the act of March 3, 1887, 24 Stat. 552, c. 373, in view of the modern development in proceedings by mandamus, should be held to confer the jurisdiction upon the Circuit Courts to entertain original suits in mandamus. The contention was rejected and the prior cases adhered to.

We deem it settled beyond controversy, until Congress shall otherwise provide, that Circuit Courts of the United States have no power to issue a writ of mandamus in an original action brought for the purpose of securing relief by the writ, and this result is not changed because the relief sought concerns an alleged right secured by the Constitution of the United States.

It follows that the Circuit Court should have dismissed the case for want of jurisdiction instead of determining it upon the merits. The judgment dismissing the petition is therefore modified so as to show that the case was dismissed for want of jurisdiction, and, as thus modified, the judgment is

*Affirmed.*