### STATE ex rel. MARKHAM v. SEATTLE & R. V. RY. CO.

(District Court, W. D. Washington, N. D. November 7, 1924.)

No. 8814.

Removal of causes ⬥4—Action for mandamus removable.

An action by individual for a writ of mandamus against a street railway company, to compel it to raise the grade of a street, as required by a city ordinance, is one between private parties, and is removable, where there is diversity of citizenship, and the requisite amount is involved.

Mandamus. Petition by the State, on the relation of E. E. Markham, against the Seattle & Rainier Valley Railway Company, for writ of mandamus. On motion to remand to state court. Denied.

W. R. Crawford, of Seattle, Wash., for plaintiff.

Donworth, Todd & Higgins, of Seattle, Wash., for defendant.

CUSHMAN, District Judge. Motion is made by the plaintiff to remand. The present suit is not essentially different from that of No. 8741, State ex rel. E. E. Markham et al. v. Seattle & Rainier Valley Railway Company, 1 F. (2d) 605, in which this court denied the motion to remand.

The present suit was begun in the state court by petition and affidavit, in which it is alleged that the plaintiff is the owner of certain residence property on Rainier avenue in the city of Seattle, on which avenue the defendant owns and operates a street car line, under a franchise evidenced by an ordinance of that city. By this ordinance the defendant was required to adjust and change its tracks to conform to the grade of the streets occupied by it, and regrade any and all such streets in like manner and to the same level as the city may provide. It is alleged that this the defendant failed to do, and has permitted that portion of the street occupied by it opposite plaintiff's property to remain at an average of one foot below the established grade.

The prayer is for a writ commanding the defendant to bring said strip to the established grade, and for damages in the sum of $1,000. It has been shown that to do that which is prayed would cost the defendant upward of $3,000.

The present suit is not one where mandamus is the only remedy. That which the petition describes amounts to a nuisance, and, in equity, a nuisance may be abated by injunction, and the relief prayed does not go beyond what would ordinarily be afforded in such a suit. This seems to have been recognized by the court in Union Pacific Railroad Co. v. Hall et al., 91 U. S. 343, at page 355, 23 L. Ed. 428. The further citation of authority is not necessary.

The petition does not seek to control the discretion of any public officer, nor will the retention of the cause encroach upon the sovereignty or any prerogative of the state, original or delegated. Therefore cases such as Rosenbaum v. Bauer, 120 U. S. 450, 7 S. Ct. 633, 30 L. Ed. 743, and Covington & Cincinnati Bridge Co. v. Hager, 203 U. S. 109, 27 S. Ct. 24, 51 L. Ed. 111, have no application.

The suit is one between private parties, and the relief sought is purely remedial. Under such circumstances, where diversity of citizenship is shown, to refuse to entertain jurisdiction would be allowing substance to be overcome by form.

Motion to remand is denied.