**JAMES HOWDEN & CO., Limited, v. STANDARD SHIPBUILDING CORPORATION.**

**Ex parte CONWAY et al.**

(Circuit Court of Appeals, Second Circuit. February 21, 1927.)

No. 178.

**1. Process ⊜4—Order in summary proceeding, requiring members of shipping board to withdraw objections to tax refund, held properly refused, where members were never served with process (Judicial Code, § 57 [Comp. St. § 1039]).**

Where members of Shipping Board were named as parties defendant to bill by United States to foreclose tax lien and to foreclose mortgage, but were never served personally, nor by publication, under Judicial Code, § 57 (Comp. St. § 1039), order was properly refused in summary proceeding to require members to withdraw objections to payment to receivers of mortgagor of certain tax refund, since proceeding was in personam, and enforceable by contempt, and required service.

**2. United States ⊜125(1)—United States may not be proceeded against, except by its consent.**

United States is a corporation sovereign, and may not be proceeded against, except by its consent.

Appeal from the District Court of the United States for the Eastern District of New York.

Separate suits by James Howden & Co., Limited, against the Standard Shipbuilding Corporation, wherein Albert Conway and William A. Young were appointed receivers; by the Shooters Island Shipyard Company against the Standard Shipbuilding Corporation; by the United States Shipping Board Emergency Fleet Corporation against the Standard Shipbuilding Corporation; and by the United States against the Standard Shipbuilding Corporation, which were subsequently all consolidated. From an order denying the petition of the receivers for an order directing the members of the United States Shipping Board to withdraw their objection to the payment to the petitioners by the Comptroller General of a tax refund and further directing the Comptroller General to pay to them the amount of the refund, subject to further order of the court, the receivers appeal. Affirmed.

Appeal from an order of the District Court for the Eastern District of New York, denying the petition of the receivers for an order directing the members of the United States Shipping Board to withdraw their objection to the payment to the petitioners by the Comptroller General of a tax refund, and further directing the United States of Amer-

ica, through the Comptroller General, to pay to them the amount of the refund, subject to further order of the court.

On March 7, 1922, Howden, the plaintiff, filed a general creditors' bill against the defendant, on whose consent the court appointed receivers, who are the appellants. On April 5th the Shooters Island Shipyard Company, the defendant's grantor, filed an ancillary bill to foreclose a mortgage upon its property. On June 30th the United States Shipping Board Emergency Fleet Corporation filed a second foreclosure suit on another mortgage against the same property. On July 14th the United States filed a bill to foreclose a lien upon the same property, arising from additional income taxes due from the defendant. Finally, on August 11th, the United States filed its own bill to foreclose the mortgage already in foreclosure by the bill of the Fleet Corporation.

There were thus five suits pending: First, the creditors' bill; next, the bill to foreclose the Shooters Island mortgage; next, the two bills to foreclose the Fleet Corporation mortgage; and, last, the bill to foreclose the supposed lien for income taxes. The property was sold by decree in the Shooters Island Steamship Company suit, and the sale confirmed on September 1st. The creditors' bill and the Shooters Island foreclosure were consolidated on May 18th. With this consolidated suit the Fleet Corporation foreclosure was consolidated on July 5th; and the two suits of the United States were in turn consolidated with the single suit so resulting on December 26th. The record discloses no other proceeding of any consequence in any of the suits until the filing of the receiver's petition.

That petition alleged that among the assets of the Standard Shipbuilding Company was a claim against the United States for a tax refund of part of the corporation's income taxes for the years 1916 to 1919, both inclusive; that the Treasury Department had finally determined that the defendant was entitled to such a refund; and that the Commissioner of Internal Revenue had issued certificates of overassessment on behalf of the defendant in an amount of some $170,000, which he had delivered to the Comptroller General. As the bill of the United States to foreclose the tax lien depended upon its claim for additional income taxes during the same years, the decision of the Treasury Department determined, so far as the Treasury Department could determine it, that the bill was unfounded, and that the United States, instead of having a claim against the defendant, owed it the amount of the refund already mentioned.

The petition further alleged that the delivery of the certificates and the payment by the Comptroller General of the refund had been prevented by the advice of the members of the United States Shipping Board, who asserted a prior lien upon the refund by virtue of the Fleet Corporation mortgage. The same situation existed with respect to a small award made to the defendant under an act of Congress.

The members of the Shipping Board were named as parties defendant to the bills of the United States to foreclose the tax lien, and to foreclose the mortgage to the Fleet Corporation, but in each case only upon an allegation that they had, or claimed to have, some interest in the property sought to be foreclosed. So far as appears, they were never served personally, nor by publication under section 57 of the Judicial Code (Comp. St. § 1039).

The District Attorney for the Eastern District of New York appeared specially for the United States, and objected to the jurisdiction of the court in the premises.

Graham, McMahon, Buell & Knox, of New York City (Joseph M. Hartfield and Edward Ward McMahon, both of New York City, of counsel), for appellants.

Shearman & Sterling, of New York City, for James Howden & Co., Limited.

Larkin, Rathbone & Perry, of New York City, for Standard Shipbuilding Corporation.

White & Case, of New York City, for Shooters Island Shipyard Co.

William A. De Groot, U. S. Atty., of Brooklyn, N. Y. (George Biddle, Sp. Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before HOUGH, HAND, and MACK, Circuit Judges.

HAND, Circuit Judge (after stating the facts as above). The receivers' theory, as we understand it, runs as follows: The certificates of overassessment, when issued by the Treasury officials and delivered to the Comptroller General, became property of the defendant, to which there was no adverse claim. The District Court, which by its receivers had assumed custody of all the defendant's assets, had jurisdiction to compel the surrender of such property by summary petition against a third person, though he were not a party to the suit, especially when, as here, he got possession after the court took custody.

Horn v. Pere Marquette Ry. Co. (C. C.) 151 F. 626, 629, 630; Wheaton v. Daily Telegraph Co., 124 F. 61 (C. C. A. 2), (semble). The members of the Shipping Board, who have made themselves a party to the Comptroller General's refusal, by inciting it, are equally subject to such summary process.

[1] Admitting all of this for argument's sake, it still remains true that the court must acquire jurisdiction over the respondent in such a summary proceeding. We do not, of course, mean that he must be a party to the suit; the whole presupposition of the doctrine is, of course, to the contrary. In re Tyler, 149 U. S. 164, 13 S. Ct. 785, 37 L. Ed. 689. But he must be served, since the proceeding is in personam and enforceable by contempt. As to the Comptroller General, there is no shadow of justification for such an order, and in justice it must be admitted that the petition asks no relief against him individually. As to the members of the Shipping Board, there is as little, except as it depends upon the fact that they are named as parties defendant in the bills of the United States to foreclose both the mortgage and the lien. If they were parties generally, perhaps the argument might have force. American Brake Shoe & Foundry Co. v. N. Y. Rys. Co., 10 F. (2d) 920 (C. C. A. 2). But they are not parties at all. Though named as such, they have not appeared, nor have they been served personally, nor indeed even by publication, under section 57 of the Judicial Code, though such publication, if made, would not have resulted in personal jurisdiction over them. So far, therefore, as the motion is to be treated as directed against the Shipping Board as individuals, the District Court was right.

It can succeed, if at all, only upon the theory that the United States is itself in some sense subject to such summary jurisdiction, by which it can be compelled through its officers to surrender possession of the certificates to the court. This is quite another question from whether affirmative relief can be granted against the United States under its bill to foreclose the tax lien. Whether such a bill is like a bill for an accounting, in which the plaintiff is regarded as offering to submit to a decree if the balance proves to be against him, we do not say. The Barque Thekla, 266 U. S. 328, 45 S. Ct. 112, 69 L. Ed. 313. Assuming as much, the case must still be tried in due course upon the pleadings, and must conclude with a decree after hearing.

[2] We may again assume arguendo that a summary order might go against a private corporation in such circumstances, and that those of its officers who had power to comply might be treated as contumacious upon its default. Heinze v. Butte, etc., Co., 129 F. 274 (C. C. A. 9). But the United States is a corporation sovereign, and may not be proceeded against, except by its consent; a consent which would have to be expressed with extraordinary certainty in such a case. No consent can be spelled out, unless it be from the filing of the bill to foreclose the lien, however far that may go.

But, even if we were to say that the United States, by filing its bill, subjected itself to summary proceedings like an individual, and that all officers involved in any noncompliance with the order were subject individually to contempt—an extravagant supposition— still the petition would not make out a case. The Shipping Board raises an adverse claim to the certificates, to which the Comptroller General has yielded. If we are to identify the United States with its officers so much as the appellants' argument presupposes, we must consistently say that the same officers who refuse have in fact raised the adverse claim of a lien under the mortgage. That controversy cannot be summarily decided. Nor would there be the slightest warrant for turning over the certificates to the receivers, to await the decision of the court upon the merits of that question.

The petition also prays that the court summarily direct the United States to pay the claim, the money to be held subject to further order of the court. This is indeed a curious request, in result, the equivalent of a mandamus upon the Comptroller General to issue warrants upon the Treasury. Even though some ancillary power to issue mandamus could be worked out in the face of the ordinary rule (Covington Bridge Co. v. Hager, 203 U. S. 109, 27 S. Ct. 24, 51 L. Ed. 111), there would still remain all the objections, which we have just mentioned. Out of abundant caution we may add that we do not mean sub silentio to suggest that the District Court has in any event power to direct money to be withdrawn from the Treasury.

Order affirmed.