## MACON, D. & S. R. CO. v. GENERAL REDUCTION CO.

### No. 5857.

Circuit Court of Appeals, Fifth Circuit.

Oct. 28, 1930.

Charles Akerman, of Macon, Ga., for appellant.

Jones, Jones, Johnston & Russell, Geo. S. Jones, and Scott Russell, all of Macon, Ga., for appellee.

Before BRYAN and FOSTER, Circuit Judges, and SIBLEY, District Judge.

SIBLEY, District Judge.

General Reduction Company petitioned for a mandamus against Macon, Dublin & Savannah Railroad Company to compel the acceptance for interstate transportation, under a duly established joint rate, of three carloads of ground clay, averring that identical material had in the past been accepted from it for transportation by the railroad company and was still so accepted from other named shippers; the refusal being a discrimination against the petitioner. By way of anticipation it was averred that the refusal of the railroad company was based on an untrue contention that the material was not ground clay but fuller's earth, for which a higher rate was established. A demurrer was overruled and a trial resulted in favor of the petitioner. The assignments of error raise two questions only: First, is the issue exclusively within the jurisdiction of the Interstate Commerce Commission? Second, can mandamus be had when an adequate remedy otherwise exists, by application to the Interstate Commerce Commission, or by paying the higher rate and suing for the overcharge? The petition is based on title 49 U. S. Code, § 49 (49 USCA § 49), being an amendment of the Interstate Commerce Act, which reads thus:

"The district courts of the United States shall have jurisdiction upon the relation of any person or persons, firm, or corporation, alleging such violation by a common carrier, of any of the provisions of the preceding chapter, as prevents the relator from having interstate traffic moved by said common carrier at the same rates as are charged, or upon terms or conditions as favorable as those given by said common carrier for like traffic under similar conditions to any other shipper, to issue a writ or writs of mandamus against said common carrier, commanding such common carrier to move and transport the traffic, or to furnish cars or other facilities for transportation for the party applying for the writ: Provided, That if any question of fact as to the proper compensation to the common carrier for the service to be enforced by the writ is raised by the pleadings, the writ of peremptory mandamus may issue, notwithstanding such question of fact is undetermined, upon such terms as to security, payment of money into the court, or otherwise, as the court may think proper, pending the determination of the question of fact: Provided, That the remedy hereby given by writ of mandamus shall be cumulative, and shall not be held to exclude or interfere

with other remedies provided by the preceding chapter."

■■ The petition, which on demurrer, and again after favorable verdict, must be taken as true, is squarely within the letter of the statute. But the statute has, in view of the general objects of the Interstate Commerce Act (49 USCA § 1 et seq.), been narrowed in construction so as to exclude contentions of such a nature as that they ought to be passed on by the Interstate Commerce Commission, and to include only such as involve enforcement of previous orders and determinations of the commission, or matters so plain as to require no action by the commission. The questions which ought to go to the commission are, in general, the same, whether court action is invoked under this section or under some other. The dividing line is thus drawn in Pennsylvania Railroad Co. v. Puritan Coal Co., 237 U. S. 121, 131, 35 S. Ct. 484, 487, 59 L. Ed. 867:

"In a suit where the rule of practice itself is attacked as unfair or discriminatory, a question is raised which calls for the exercise of the judgment and discretion of the administrative power which has been vested by Congress in the Commission. * * * But if the carrier's rule, fair on its face, has been unequally applied * * * there is no administrative question involved, the courts being called on to decide a mere question of fact as to whether the carrier has violated the rule to plaintiff's damage."

■ In the present case there was a rule or rate for the carriage of clay. Its fairness or reasonableness was not in question, but only the fact as to whether petitioner was being wrongly denied an application of it. In the case of Texas & Pacific Railroad Co. v. American Tie & Timber Co., 234 U. S. 138, 34 S. Ct. 885, 58 L. Ed. 1255, there was a rate on lumber and petitioner offered to ship cross-ties on it. The dispute was whether cross-ties were included in the lumber classification, there being no rate specifically for cross-ties. There was great dispute among railroad people and lumber men as to whether cross-ties were lumber. The railroads had amendments of the rates to include cross-ties pending before the commission. The Supreme Court held that the question as to whether cross-ties ought to be included in the lumber rate was a question within the rate-making responsibilities of the commission, which the courts ought not to attempt to decide. While the question there has a superficial resemblance to that here, they are at bottom different. In the former case there was no dispute as to the identity of the subject-matter of the shipment, which was agreed to be cross-ties, but the question was whether they ought to be hauled as lumber and on the same rate as lumber was hauled. This really involved rate-making considerations, which are peculiarly for the handling of the commission. For the court to command it to be done would be in effect an amending of the lumber rate. In the case at bar the question was not whether fuller's earth ought to be hauled as clay, and at the same rate. That question had already been determined by the commission and answered in the negative, and a different and higher rate fixed for fuller's earth. The sole question is whether the material tendered is fuller's earth, a question on which the commission has no superior knowledge. It is also a question whose answer has no general importance, for it may arise as to each car tendered anywhere, and will depend on an examination of each shipment for itself. A shipper is not to be required to undertake an expensive litigation before the commission in each disputed shipment in order to secure its acceptance at the proper published rate. He may pay the demanded rate and sue in court for the overcharge, or in case of discrimination, as here, the statute permits enforcement of the rate by mandamus. In the case of Texas & Pacific Railway Co. v. Abilene Oil Co., 204 U. S. 426, 27 S. Ct. 350, 51 L. Ed. 553, 9 Ann. Cas. 1075, the reasonableness of an established rate was attacked in court. Baltimore & Ohio Railroad Co., v. Pitcairn, 215 U. S. 481, 30 S. Ct. 164, 54 L. Ed. 292, involved the propriety of a railroad company's rules and practices as to the distribution of coal cars upon which the commission had never passed. Northern Pacific Railroad v. Solum, 247 U. S. 477, 38 S. Ct. 550, 62 L. Ed. 1221, concerned the reasonableness of a practice by a carrier in routing freight, which had never been passed upon by the commission. None of these cases are in point here.

■ It is true that the writ of mandamus is generally an extraordinary one, applicable only where there is no other legal remedy. Ex parte American Steel Barrel Co., 230 U. S. 35, 33 S. Ct. 1007, 57 L. Ed. 1379. The issuance of an original mandamus, moreover, is not within the ordinary powers of the District Courts. Covington & C. Bridge Co. v. Hager, 203 U. S. 109, 27 S. Ct. 24, 51 L. Ed. 111. But the statute here in question gives the court the power in a case like this, and in an unusual degree, for the mandamus authorized is expressly declared to be cumula-

502

tive of other remedies and consequently not excluded by them. Assuming that a remedy under the Interstate Commerce Act may always be had before the commission, even a more complete and satisfactory one, and that another remedy exists by paying the rate demanded and suing in court for the overcharge, yet the fact remains that, by an amendment of the act, Congress has provided mandamus as an expressly additional remedy. The rules as to the supplemental character of the remedy by mandamus, which apply elsewhere, have no place in this statute.

The judgment is affirmed.