STATE OF WASHINGTON ex rel. ELLIS v.
GENERAL FRUIT CORPORATION et al.
No. 20734.

District Court, W. D. Washington, N. D.
Feb. 8, 1933.

Lewis & Black, of Seattle, Wash., for plaintiff.

Patterson & Patterson, of Seattle, Wash., for defendants.

NETERER, District Judge (after stating the facts as above).

No suit may be removed to the federal court which could not have been originally brought in that court. 28 USCA § 71. In Covington & C. Bridge Co. v. Hager, 203 U. S. 109, at page 111, 27 S. Ct. 24, 25, 51 L. Ed. 111, Justice Day said: "That circuit courts of the United States have no power to issue a writ of mandamus in an original action brought for the purpose of securing relief by the writ. * * *" See, also, Harley v. Firemen's Fund Ins. Co. (D. C.) 245 F. 471; State of Washington ex rel. City of Seattle v. Puget Sound Light & Power Co. (D. C.) 243 F. 748. Mandamus is a remedy to compel performance of duty fixed by law; no other adequate remedy being afforded. State ex rel. Krutz v. Washington Irrigation Company, 41 Wash. 283, 83 P. 308, 111 Am. St. Rep. 1019.

The defendant relies upon State of Washington ex rel. Markham v. Seattle, Rai-

nier Valley Railway Co., 2 F.(2d) 264 (D. C., W. D. Wash. N. D.). In that case a writ was sought to compel the raising of the grade of the street car track as provided by city ordinance, to conform to grade, and require, in like manner, the same level as the city may provide, and for $1,000 damages. It was shown the necessary expenditure for such work would require the payment of more than $3,000, and the court held that the condition set forth was a nuisance and equity had jurisdiction to abate it, and that, it being a suit between private parties, the relief sought was remedial, involving the expenditure of more than $3,000. In that case the petition was more in the nature of a proceeding for mandatory injunction; and the plaintiff had no other remedy (State v. Hamil, 97 Ala. 107, 11 So. 892; County of San Joaquin, etc., v. Superior Court, 98 Cal. 602, 33 P. 482), and the court properly held that it was a proceeding of a civil nature involving jurisdictional amount, and, diversity of citizenship appearing, the motion should be denied. The court must look to the purpose of the action. State of Indiana v. Alleghany Oil Co. (C. C.) 85 F. 870; State of Iowa v. Chicago, B. & Q. R. Co. (C. C.) 37 F. 497, 3 L. R. A. 554; State of Illinois v. Illinois Central Ry. Co. (C. C.) 33 F. 721. The control of the streets by the city is exclusive, Schoenfeld v. City of Seattle (D. C.) 265 F. 726, and mandamus to repair or improve is not the proper remedy. Nor does State of Washington v. Pac. Tel. & Tel. Co. (D. C.) 1 F.(2d) 327, aid defendant. In that case Myers and Phillip were mere employees. They had no interest in the litigation; no control of any matter in issue, and subject to discharge at any time, and the company could not be bound by decree against them. Geer v. Mathieson Alkali Works, 190 U. S. 428, 23 S. Ct. 807, 47 L. Ed. 1122. Not so in the instant case. The defendant president and secretary are the real offenders.

The plaintiff as a stockholder had the right to inspect the records of the company (Rem. Comp. Stat. Wash. § 3827), and the president and secretary, being in the custody and control thereof, may not arbitrarily deprive the plaintiff of such right. The inconvenience or expense incident to the inspection is not a recovery sought by the plaintiff, is not an issue involved, and is purely an incident of the litigation as pertains to all controversies.

■ Nor is the issue separable. The president and secretary, custodians of the involved records, are proper parties. The records are lawfully in their custody. The corporation can act only through its officers, and the officers, who have custody of the records, are proper, if not necessary, parties. Harley v. Firemen's Fund. Ins. Co., supra, and State of Washington ex rel. City of Seattle v. Puget Sound Light & Power Co., supra, disposed of every issue in this case. See, also, Greenough v. Independence Lead Mines Co. (D. C.) 45 F.(2d) 659.

The motion to remand is granted.