## FREDERICKS v. ROSSELL et al.

United States District Court
S. D. New York.

Dec. 27, 1950.

S. C. & S. H. Levine, New York City, for plaintiff.

Irving H. Saypol, U. S. Atty., New York City, for defendants.

NOONAN, District Judge.

A denial of his preference in the federal civil service, conferred upon certain veterans by Acts of 1912 and 1944, 5 U.S.C.A. §§ 648, 861, Hilton v. Sullivan, 1948, 334 U.S. 323, 68 S.Ct. 1020, 92 L.Ed. 1416, is alleged by plaintiff, Fredericks. The complaint recites the existence of a controversy exceeding $3,000 in value, and states two claims—one for a declaratory judgment pursuant to Sections 2201 and 2202, Title 28, United States Code, and the other for an order reinstating plaintiff to a position in the civil service with full back pay, pending disposition of the action, and such further relief as is appropriate.

In opposition to plaintiff's prayer for a preliminary order, defendants, Rossell, the Regional Civil Service Director for New York County, and Shelton, plaintiff's personnel superior, have moved for summary judgment, Rule 56, Fed.Rules Civ.Proc. 28 U.S.C.A.

■ The complaint, insofar as it alleges dismissal from office and prays reinstatement, seeks relief in the nature of mandamus, and is incompatible with this court's jurisdiction. It is well settled that the district courts are without general authority to entertain original suits for mandamus, Covington & Cincinnati Bridge Co.

v. Hager, 1906, 203 U.S. 109, 27 S.Ct. 24, 51 L.Ed. 111; Petrowski v. Nutt, 9 Cir., 1947, 161 F.2d 938, certiorari denied, 1948, 333 U.S. 842, 68 S.Ct. 659, 92 L.Ed. 1126; Insular Police Comm. v. Lopez, 1 Cir., 1947, 160 F.2d 673, certiorari denied, 1947, 331 U.S. 855, 67 S.Ct. 1743, 91 L.Ed. 1863; United States ex rel. Vassel v. Durning, 2 Cir., 1945, 152 F.2d 455, or for remedies of similar effect. Branham v. Langley, 4 Cir., 1943, 139 F.2d 115; Palmer v. Walsh, D.C. Or.1948, 78 F.Supp. 64.

Those authorities which plaintiff's counsel cites are not persuasive to the contrary. Confusion may stem from the fact that the District Court for the District of Columbia has power to grant mandamus, but this jurisdiction emanates from wholly distinguishable antecedents. Kendall v. United States ex rel. Stokes, 12 Pet. 524, 37 U.S. 524, 9 L.Ed. 1181; see Youngblood v. United States, 6 Cir., 1944, 141 F.2d 912, 915.

At least two courts have seen fit to grant preliminary injunctions serving to retain an employee, threatened with discharge, in his position. Reeber v. Rossell, D.C.S.D.N. Y.1950, 91 F.Supp. 108; Farrell v. Moomau, D.C.N.D.Cal.1949, 85 F.Supp. 125. These decisions recognize that, once severed from office, the employee may be without adequate judicial remedy, and, thus, accord with the doctrine hereinbefore outlined.

■■ The claim for a declaratory judgment must also fail. The authority to render such judgment increased the remedies available in the courts, but did not enlarge the type of matters which the courts had competence to review. Doehler Metal Furniture Co. v. Warren, 1942, 76 U.S.App. D.C. 60, 129 F.2d 43, certiorari denied, 1942, 317 U.S. 663, 63 S.Ct. 64, 87 L.Ed. 533. The circumstances alleged at bar are such that the court would not have examined them either in an action for mandatory relief, for reasons heretofore advanced, or for money damages. Waterman v. Nelson, 2 Cir., 1949, 177 F.2d 965; Gregoire v. Biddle, 2 Cir., 1949, 177 F.2d 579, certiorari denied, 1950, 339 U.S. 949, 70 S.Ct. 803. There has been no review of like situations in the past, and the prayer for declaratory

judgment does not effect a change. Palmer v. Walsh, supra; Kohlman v. Smith, D.C. W.D.Pa.1947, 71 F.Supp. 73.

▮ Employment action adverse to veterans enjoying preferred status is appealable administratively, 5 C.F.R. Secs. 20.13–20.15. But, once the employee has been removed from office, there is no review in this court, and, although Congress may do well to provide otherwise, a greater power does not presently obtain.

Summary judgment granted to defendants; settle order on notice.