### ALLEY v. CRAIG et al.
No. 730.

United States District Court
D. Maine, S. D.
April 17, 1951.

Milton G. Wheeler, Charles A. Pomeroy, Portland, Me., for plaintiff.

Edward H. Hickey, Eugene T. Maher, Dept. of Justice, Washington, D. C., Alton A. Lessard, U. S. Atty., District of Maine, Portland, Me., for defendants.

CONNOR, District Judge (by designation).

This action came on to be heard upon plaintiff's motion for summary judgment and defendants' motion to dismiss or in the alternative for summary judgment. The facts are not in dispute. On October 2, 1947, the plaintiff, a veteran, was employed by the United States in the position of Patrolman CPC–9, assigned to duty as a Captain in the United States Naval Shipyard Police Force at Kittery, Maine. On that date, the commander of the shipyard ordered served upon the plaintiff a notice of intent to effect his removal for cause following the thirty-day notice period. The notice stated the charges in detail, and plaintiff was afforded an opportunity to answer, and, at his request, a hearing was held at the shipyard on October 16, 1947. Shortly thereafter, he was notified in writing of the decision of the commander of the United States Naval Shipyard to effect his separation at the close of business November 1, 1947, and he was so separated. Pursuant to the provisions of Section 14 of the Veterans' Preference Act, as amended, 5 U.S.C.A. § 863, he appealed the decision to the Regional Office of the United States Civil Service Commission, Boston, Massachusetts, and upon affirmance, he appealed to the Commissioners of the United States Civil Service Commission at Washington, D. C., who also affirmed the findings of the commander. Final administrative decision upon his appeal was rendered in November, 1948, and complaint was entered in this court June 13, 1950.

The defendants base their claim for dismissal or for summary judgment upon the grounds that (a) this court lacks jurisdiction of the subject-matter of this action; (b) plaintiff has failed and is unable to state a claim upon which this court may grant any relief; (c) plaintiff's claim is barred by his laches.

The plaintiff contends that his removal was ineffective in that the statutory requirement of notice was not complied with. In his prayer for relief, he asks that this court declare null and void the action of the commanding officer of the shipyard removing him from his employment, and there issue a mandatory injunction directing said defendant to restore the plaintiff to his said employment.

It is clear in this action that effective relief can be had only in (1) an injunctive order enjoining interference with plaintiff's continued employment upon his premise that he never has been legally separated, or (2) a directive, ordering the commanding officer to restore the plaintiff to his former position. Neither of the foregoing may be decreed. The first, because of administrative difficulties and directed solely to the named defendant, would be of doubtful efficacy in preserving plaintiff's claimed status. The second, in the light of the prevailing rule, is even more untenable. Unquestionably, the district courts are vested with discretionary authority to grant mandatory injunctive relief. It has, however, been repeatedly declared, where invoked in actions of dismissal with prayer for reinstatement to office, that such relief is in the nature of an original action for a writ of mandamus, Miguel v. McCarl, 291 U.S. 442, 452, 54 S.Ct. 465, 78 L.Ed. 901, a remedy not within the jurisdiction of the district courts; excepting only the District Court for the District of Columbia. Covington & Cincinnati Bridge Co. v. Hager, 203 U.S. 109, 27 S.Ct. 24, 51 L.Ed. 111; Ballf v. Kranz, 9 Cir., 82 F.2d 315; United States ex rel. Vassel v. Durning, 2 Cir., 152 F.2d 455; Marshall v. Crotty, 1 Cir., 185 F.2d 622; Fredericks v. Rossell, D.C.S.D. N.Y., 95 F.Supp. 754; Palmer v. Walsh, D.C., 78 F.Supp. 64; Petrowski v. Nutt, 9 Cir., 161 F.2d 938; McCarthy v. Watt, D. C., 89 F.Supp. 841; Breiner v. Kniskern, D.C., 90 F.Supp. 9.

Whatever merit there may be in plaintiff's claim of inadequate statutory no-

tice should be litigated, but in a forum clothed with the power to award appropriate relief. Orderly procedure dictates that application should be made to the proper tribunal, where is to be found the jurisdiction here lacking. Kendall v. United States, 12 Pet. 524, 37 U.S. 524, 9 L.Ed. 1181; United States v. Schurz, 102 U.S. 378, 26 L.Ed. 167. See Youngblood v. United States, 6 Cir., 141 F.2d 912, 915. A review of findings and rulings in a proceeding to remove an employee within the purview of Section 14 comprehends consideration of not only the evidence of alleged misconduct but of all statutory formalities designed for his protection.

Nowhere in Section 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009, is provision made for the review of the exercise of administrative discretion such as that involved in matters of personnel. The review contemplated pertains only to administrative orders or rulings of an agency carrying out its functions. Similarly, it should be noted that this court is not one for review of claimed wrongs stemming from the exercise of executive discretion. Carter v. Forrestal, 85 U.S.App. D.C. 53, 175 F.2d 364.

Upon the foregoing conclusions, no need appears to consider the issue of laches, now moot.

An order for dismissal will issue, without prejudice.