Robert A. CHICK, Plaintiff,

v.

PROSECUTING ATTORNEY AND SHERIFF OF LEON COUNTY, FLORIDA, Defendants.

Civ. A. No. 570.

United States District Court
N. D. Florida, Tallahassee Division.
June 20, 1956.

No appearance for plaintiff.

Leo L. Foster, Tallahassee, Fla., for defendants.

DE VANE, Chief Judge.

On January 24, 1949, plaintiff was charged in the County Judge's Court of Leon County, Florida, with forging and uttering two worthless checks, made payable to himself and bearing date of February 28, 1948. Warrants were issued for plaintiff's arrest, but were never executed for the reason that plaintiff in the meantime had been committed to imprisonment in the Texas Prison System at Huntsville, Texas, for a period of twenty-five years. Plaintiff alleges that upon discovery of his confinement in the Texas prison, the Sheriff of Leon County on or about the 16th day of April, 1949, filed with the Texas Prison Bureau of Records a detainer warrant. Plaintiff alleges that this detainer warrant makes him not eligible for parole under Texas law and to relieve plaintiff of this handi-

cap, plaintiff alleges that in October, 1954, and on numerous occasions since that date he has demanded that he be brought to a speedy trial on the charges pending against him in Leon County, Florida.

The Complaint alleges that the plaintiff has repeatedly attempted to force the Leon County authorities to bring him to a speedy trial by actions of various kinds filed in Florida State Courts. The only state action of record that this Court can find here is an ex parte petition for a writ of habeas corpus to be directed to the Texas State Prison in Huntsville, Texas, to release plaintiff to the Leon County authorities in Florida, so as to be in position to stand trial upon the charges pending against him here. This petition was denied by Circuit Judge Hugh M. Taylor on December 15, 1954, on the ground that his Court has no jurisdiction of any person in custody of the petitioner.

Following his repeated failures to get relief in any state court, plaintiff has been for some months now bombarding this Court with a variety of petitions seeking relief of one kind and another. As petitioner had no funds with which to file any of these petitions in this Court, he proceeded in each case by filing a pauper's oath and asking for authority of this Court to proceed in forma pauperis. As is the general practice of this Court, the sufficiency of the petition in each instance was examined and the Court found and held and so advised the plaintiff that none of said petitions stated a case over which this Court had jurisdiction, and the petitions were returned to plaintiff. When the petition now before the Court was received, the Court was of the opinion that it was sufficient to afford plaintiff the opportunity for his day in Court and it is to give him his day in Court that I have authorized this petition to be filed and this case to be processed in forma pauperis.

The County Judge and Sheriff of Leon County are made parties to this suit and the relief sought is that this Court issue a mandamus, or in effect a mandatory

**316**

injunction, requiring the defendants to withdraw the detainer warrant filed with the Texas Prison System at Huntsville, Texas, and dismiss the cases pending against plaintiff in the County Judge's Court of Leon County, Florida. Defendants have been served and have filed their Answers. The pleadings filed in the case raise exclusively a legal question and do not require a hearing to determine the question as to whether plaintiff has stated a cause of action subject to the jurisdiction of this Court.

Title 28, § 1331, U.S.C.A. provides:

"The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $3,000, exclusive of interest and costs, and arises under the Constitution, laws or treaties of the United States."

■ It has always been the law of this land that District Courts have no jurisdiction in original cases of mandamus and no power to issue writs of mandamus for the purpose of securing relief by such writs. Covington & Cincinnati Bridge Co. v. Hager, 203 U.S. 109, 27 S.Ct. 24, 51 L.Ed. 111; Updegraff v. Talbott, 4 Cir., 221 F.2d 342.

■ In the petition filed in this case plaintiff makes reference to Florida Statutes, § 941.05, F.S.A., which provides a method by which a person charged with crime in this State and in custody of the law in some other state may be brought back to Florida for trial. The authority to bring about such procedure is vested entirely in the Governor of the State and is discretionary with him. And just to protect this Court from any further annoyances from this plaintiff to attempt to secure from this Court a writ of mandamus against the Governor directing him to proceed under the provision of 941.05, supra, the Court states here and now that the legal principles announced above with reference to this case would be as controlling in a suit for mandamus brought against the Governor in this

Court as it is in the case now before the Court. Plaintiff may be in need of some help to relieve him of the unfortunate situation in which he finds himself, but the power to grant relief to him does not reside with this Court. An Order in conformity with this Memorandum-Decision dismissing this case will be entered herein.