MacNEIL BROS. COMPANY,
Plaintiff, Appellant,

v.

JUSTICES of the SUPERIOR COURT et al., Defendants, Appellees.

No. 5192.

United States Court of Appeals
First Circuit.

Heard March 7, 1957.

Decided March 20, 1957.

Angus M. MacNeil, Somerville, Mass., for appellant.

Edward F. Mahony, Asst. Atty. Gen. of Massachusetts, with whom George Fingold, Atty. Gen. of Massachusetts, was on the brief, for appellees.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment dismissing a complaint for failure to state a claim upon which relief could be granted.

On August 6, 1956, MacNeil Bros. Company, a Massachusetts corporation, filed its complaint under 28 U.S.C. § 1343(3) in the United States District Court for the District of Massachusetts against the defendants not named, but described as "the Justices of the Superior Court and the Supreme Judicial Courts of the Commonwealth of Massachusetts". It was alleged that, by various acts and omissions of the defendants under color of their respective offices as justices of the courts of Massachusetts, the plaintiff has been deprived of its property without due process of law and has been denied equal protection of the laws, contrary to the Fourteenth Amendment.

It seems that MacNeil Bros. Company has been involved in litigation in the courts of Massachusetts in an effort to redeem certain parcels of real estate, the mortgages on which had been foreclosed by the mortgagee. See State Realty Co. of Boston, Inc., v. MacNeil Bros. Co., Mass.1956, 135 N.E.2d 291. In the complaint now before us, the federal district court is requested to order and direct the said justices of the Massachusetts courts "to immediately furnish to the plaintiff equal protection of its property to that furnished to other property owners in the Commonwealth of Massachusetts and to issue the required orders to terminate the waste and destruction of the plaintiff's property by the State Realty Company of Boston, Inc. acting under the protection of present orders of said defendants"; also the federal district court is requested to "ascertain and determine the losses and damages suffered by the plaintiffs [sic] by reason of the refusals and failures of the defendants to furnish equal protection under the laws to the rights and properties of the plaintiff from losses and destruction by the State Realty Company of Boston, Inc. and those claiming under it."

It would be difficult to imagine a more flagrant and provocative interference by a federal district court with the processes of litigation in a state court than what is sought by the present plaintiff-appellant. Compare the discussion in Toucey v. New York Life Ins. Co., 1941, 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100. Naturally a federal court of equity, if otherwise empowered to act, would hesitate as a matter of judicial discretion to grant relief of the delicate character here asked for, when any federal constitutional claim arising in the course of the state litigation might be presented to the United States Supreme Court on certiorari. In fact it does not appear that MacNeil Bros. Company ever sought a writ of certiorari in State Realty Co. of Boston, Inc., v. MacNeil Bros. Co., supra, wherein Chief Justice Qua, in an elaborate opinion, and with extraordinary patience, undertook to sift out and determine the legal issues in a mixed-up and complicated piece of litigation. And if it is true, as asserted at the oral argument, that the state courts are thwarting review on certiorari by refusing to enter final judgments, such an obstacle to the potential appellate jurisdiction of the Supreme Court of the United States can be removed by a writ of mandamus issued by that Court. See McClellan v. Carland, 1910, 217 U.S. 268, 30 S.Ct. 501, 54 L.Ed. 762.

Apart from the foregoing, it is clear that the district court was right in dismissing the complaint. See Covington & Cincinnati Bridge Co. v. Hager, 1906, 203 U.S. 109, 111, 27 S.Ct. 24, 51 L.Ed. 111; Marshall v. Crotty, 1 Cir., 1951,

185 F.2d 622, 626–27. Appellant's effort to collect damages against the state court judges is foreclosed by our decision in Francis v. Crafts, 1 Cir., 1953, 203 F.2d 809.

A judgment will be entered affirming the judgment of the District Court.