HANDY CAFE, Inc., Plaintiff, Appellant,

v.

JUSTICES OF THE SUPERIOR COURT et al., Defendants, Appellees.

No. 5277.

United States Court of Appeals First Circuit.

Oct. 25, 1957.

486

Angus M. MacNeil, Somerville, Mass., for appellant.

Edward F. Mahony, Asst. Atty. Gen., with whom George Fingold, Atty. Gen., was on brief, for appellees.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment dismissing a complaint, as amended, for failure to state a claim upon which relief could be granted.

On March 21, 1957, Handy Cafe, Inc., a Massachusetts corporation, filed its complaint under the Civil Rights Act (42 U.S.C.A. § 1983) and under the jurisdictional Act pursuant thereto (28 U.S.C. § 1343). The defendants, not named, were described in the complaint as "the members of the Superior Court and Supreme Judicial Court of the Commonwealth of Massachusetts." It was alleged that by various acts and omissions of the defendants, under color of their respective offices, the plaintiff had been deprived of its property without due process of law and had been denied the equal protection of the laws, contrary to the Fourteenth Amendment. The prayer of the complaint was that the federal court issue the required orders and directions to the defendants requiring that they comply with the provisions of the laws and Constitution of the United States by supplying to the plaintiff that measure of due process of law required; that the defendants be directed to supply to the plaintiff herein equal protection under the laws with that supplied to other litigants in the courts of Massachusetts; that the losses caused the plaintiff by the wrongful actions of the defendants be ascertained and adjudicated and that judgment be entered therefor; that the federal court enjoin the defendants from further depriving the plaintiff of its constitutional rights; and for other appropriate relief.

This case is really ruled by our decision in MacNeil Bros. Co. v. Justices of the Superior Court, 1 Cir., 1957, 242 F.2d 273, certiorari denied 78 S.Ct. 48.

There is the added circumstance that certain proceedings were had in the Municipal Court of the City of Boston while a bankruptcy proceeding was pending in the United States District Court. It is asserted that the state court proceeding was in derogation of the exclu-

sive jurisdiction of the federal court in matters of bankruptcy and that such court of bankruptcy should enter the necessary orders to maintain its jurisdiction. Granting that the federal district court, as a court of bankruptcy, had power to issue appropriate orders to the state courts to preserve its exclusive jurisdiction in the bankruptcy proceeding, the exercise of this power was never applied for, so far as appears, in such bankruptcy proceeding. It does appear that the federal district court dismissed the bankruptcy proceeding on June 11, 1954. This proceeding is an independent suit against individual officials of the State under the Civil Rights Act.

In so far as it may be contended that the judgment of dismissal of June 11, 1954, of such bankruptcy proceeding operated as res judicata of various issues raised in subsequent proceedings filed in the Superior Court of Massachusetts, this, of course, is a matter of affirmative plea by way of defense in the state court.

In addition to the foregoing, we are bound to observe that we know of no authority to the effect that "the members of the Superior Court and Supreme Judicial Court of the Commonwealth of Massachusetts" constitute suable legal entities. Action under the Civil Rights Act must be against the individual persons or officials who, under color of their respective state offices, subject a person to denial of federal constitutional rights. There are over thirty judges of the Massachusetts Superior Court throughout the Commonwealth and seven justices of the Supreme Judicial Court. Obviously not all of these persons could have been concerned with the various state court proceedings herein complained of. It does not appear against which individuals judgments for damages and enforcement orders are sought to be issued.

All in all, we regard this as a completely preposterous case.

A judgment will be entered affirming the judgment of the District Court.