Major Ronald E. ALLEY, 0 530 454, United States Army,

v.

CHIEF, FINANCE CENTER, UNITED STATES ARMY, Indianapolis 49, Indiana.

No. IP 58–C–62.

United States District Court
S. D. Indiana,
Indianapolis Division.

Nov. 10, 1958.

**304**

Ronald E. Alley, pro se and Madeline E. De Fina, Brooklyn, N. Y., for plaintiff.

Don A. Tabbert, U. S. Atty., Indianapolis, Ind., for defendant.

STECKLER, Chief Judge.

This cause is before the court on the motion of the defendant to dismiss plaintiff's petition. The stated grounds for said motion are: "1. That this court lacks jurisdiction over the subject matter of plaintiff's petition, and 2. That the complaint fails to state a claim upon which relief can be granted."

Plaintiff's petition contains no short and plain statement of the grounds upon which the court's jurisdiction depends, as required by Rule 8(a) (1), Federal Rules of Civil Procedure, 28 U.S. C.A. At first blush, the petition appeared to state a claim analogous to that encountered in Shapiro v. United States, 1947, 107 Ct.Cl. 650, 69 F.Supp. 205. In that case, however, the petition contained an allegation to the effect that the petitioner had been granted a full and unconditional pardon from the President of the United States. No such allegation is to be found in the petition here in question. Absent such an allegation, jurisdiction cannot be predicated upon 28 U.S.C.A. § 1346(2) and 28 U.S.C.A. § 1495. See 28 U.S.C.A. § 2513(a) (1).

Petitioner's prayer asks for "an order requiring said defendant to disburse to plaintiff all military salary and allowances in accordance with plaintiff's rank and years of service accruing from 12 December 1955 to date * * *." Such an order would clearly be in substance a writ of mandamus. District Courts of the United States have no original jurisdiction to grant that kind of relief. Longview Tugboat Company v. Jameson, 9 Cir., 1955, 218 F.2d 547. This is true even where the relief sought concerns an alleged right secured by the United States Constitution. 15 Cyclopedia of Federal Procedure § 84.34; Covington & Cincinnati Bridge Co. v. Hager, 1906, 203 U.S. 109, 27 S.Ct. 24, 51 L.Ed. 111.

One other matter requires comment. The petition of plaintiff, as drafted, would require a declaration by this court of the illegality of the sentence imposed upon the plaintiff by the court-martial which convicted him. Petitioner predicates his allegations of the illegality of the sentence upon the action taken by the convening authority of the court-martial in correcting the sentence imposed by the court-martial. The record indicates that this action of the convening authority was reviewed by the United States Court of Military Appeals. See United States v. Alley, 8 U.S.C.M.A. 559 (1958). Congress has provided that such a determination is final and binding on all courts. 50 U.S.C.A. § 663\*; Burns v. Wilson, 1953, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508. It has been held that in such a situation, a petitioner cannot seek in the civilian courts a redetermination of the decisions made by the military appellate tribunals. Dickenson v. Davis, 10 Cir., 1957, 245 F.2d 317.

For the above reasons, the court concludes that jurisdiction is lacking. Accordingly, defendant's motion to dismiss is sustained.