Robert Gary CRAIGO, pro se,
Petitioner,

v.

Honorable John HEY, Circuit Judge; and Honorable A. Andrew MacQueen, Chief Judge, Circuit Court of Kanawha County, Respondents.

Civ. A. No. 2:85–1588.

United States District Court,
S.D. West Virginia,
Charleston Division.

Dec. 23, 1985.

Robert Gary Craigo, pro se.

## MEMORANDUM ORDER

HADEN, Chief Judge.

This day the Court having considered the petition of Robert Gary Craigo for leave to proceed herein *in forma pauperis* hereby grants such leave and the Clerk of the Court is directed to file without prepayment of costs or fees the petition.

Turning as it must to the jurisdictional basis of this action, the Court notes that there are no facts alleged which satisfy this Court's limited subject matter jurisdiction.

Mr. Craigo attempts to invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1651, commonly known as the "All Writs Act." In pertinent part, this act provides "(a) the Supreme Court and all courts established by act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the useages and principles of law." In his application for mandamus under the All Writs Act, Petitioner seeks a writ of mandamus from this Court to compel the Respondent state circuit judges to hear his case there pending in a timely fashion. Mr. Craigo has no case pending in this Court, the federal court for the Southern District of West Virginia, except this putative petition for mandamus.

According to the papers submitted in support of his application for mandamus, Petitioner instituted a civil rights action claiming a violation of 42 U.S.C. § 1983 against certain City of Charleston police officials and the Mayor of Charleston in November, 1984, or prior thereto. That case was assigned to Circuit Judge John Hey for disposition. Judge Hey dismissed that civil action *sua sponte* on the ground that *W. Va. Code*, § 28–5–36, 1931, as amended, prevents inmates from filing suit except through a committee appointed by the County Commission pursuant to another State Code section. Petitioner appealed that dismissal to the Supreme Court of Appeals of West Virginia and in an opinion authored by Chief Justice Miller, the highest court of West Virginia held the circuit judge's decision to be error and reversed and remanded the case to the Circuit Court of Kanawha County for further proceedings. *Craigo v. Marshall*, 331 S.E.2d 510 (W.Va., 1985).

More than six months have passed since the remand and apparently Judge Hey, the assigned judge, has not scheduled the case. In Petitioner's words "Respondent's have all refuse to set a trial date for an hearing—in one way or another they have just forgotten about the case."

On this factual premise Mr. Craigo, simply put, seeks a writ of mandamus from the federal district court of the Southern District of West Virginia to compel a circuit or trial judge of the State of West Virginia to schedule a case pending in the state court for trial in the state court. The jurisdiction of this Court and the dual sovereignties of the United States of America and the State of West Virginia are directly implicated by this application for *mandamus*.

The right of access to courts which Mr. Craigo claims now has been denied him is assuredly a constitutional right protected by both the United States Constitution and the West Virginia Constitution. When he apprehended that he was being denied access to the courts, Mr. Craigo had the option of vindicating that constitutional right in either the federal or state court. He freely chose to initiate his underlying civil rights claim in the state court, though under the auspices of 42 U.S.C. § 1983, a federally authored remedy. *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979). Inasmuch as West Virginia trial courts have concurrent jurisdiction with the United States District Courts over actions

seeking a remedy or vindication of constitutional right pursuant to 42 U.S.C. § 1983, *Mitchem v. Melton,* 277 S.E.2d 895 (W.Va. 1981), he should pursue that right to vindication within the state court system, his forum of choice. On the present state of facts it is both inappropriate and impermissible for Mr. Craigo to attempt to compel the right of access to state trial courts by seeking the aid of the federal court system.

A writ of mandamus under the All Writs Act, 28 U.S.C. § 1651, may issue against a state court in that rare instance where the case has been actually within the jurisdiction of the federal court, the federal court has ruled and the state court has apparently disobeyed directly the order of the federal court. *See Bucolo v. Adkins,* 424 U.S. 641, 96 S.Ct. 1086, 47 L.Ed.2d 301 (1975); *Deen v. Hickman,* 358 U.S. 57, 79 S.Ct. 1, 3 L.Ed.2d 28 (1958). The authority of a federal court to issue a writ under the All Writs Act, however, exists for the sole purpose of protecting the jurisdiction of the federal courts. Thus, federal courts have no power to issue a writ of mandamus in an original action brought for the purpose of securing relief by the writ, and this result is not changed because the relief sought concerns an alleged right secured by the Constitution of the United States. *Covington & C. Bridge Co. v. Hager,* 203 U.S. 109, 111, 27 S.Ct. 24, 51 L.Ed. 111 (1906). Further, the courts of the United States have no power to *acquire* jurisdiction of a case or question by issuing a writ of mandamus. *McClennan v. Carland,* 217 U.S. 268, 30 S.Ct. 501, 54 L.Ed. 762 (1910). Thus this Court has no original jurisdiction in this matter now presented and it in no sense sits as an appellate or supervisory tribunal for any state court of West Virginia. *Gurley v. Superior Court of Mecklenburg County,* 411 F.2d 586 (4th Cir.1969). *See also,* Wright, Miller, Cooper & Grossman, *Federal Practice and Procedure,* § 3932 (1977).

Petitioner's relief in mandamus, if it is to come, must be sought in the highest state court of West Virginia, the Supreme Court of Appeals. That Court, in both its original jurisdiction and through the exercise of extraordinary, supervisory and civil contempt powers, has full authority to control the activities of inferior judicial tribunals, subject only to the limitations placed upon it by the West Virginia Constitution. The State of West Virginia and its judicial branch represent a sovereignty at least co-equal in power to the sovereignty of the lower courts of the United States of America, courts of limited jurisdiction.

For the reasons stated, the Petitioner's application for mandamus does not state and can state no facts upon which relief can be granted in this Court. Although the Respondents in this action have not been called upon to answer or otherwise plead, this Court is authorized to dismiss this action *sua sponte* if satisfied that it is "frivolous or malicious". 28 U.S.C. § 1915(d). *See Todd v. Baskerville,* 712 F.2d 70 (4th Cir.1983). The test for frivolousness in this Circuit has been stated as follows:

"To satisfy the test of frivolousness under Section 1915(d), it is … essential for the district court to find 'beyond doubt' and under any 'arguable' construction, 'both in law and in fact' of the substance of the plaintiff's claim that he would not be entitled to relief."

*Boyce v. Alizaduh,* 595 F.2d 948, 952 (4th Cir.1979) (*quoting Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957) and *Watson v. Ault,* 525 F.2d 886, 892 (5th Cir.1976)).

On the authority of the foregoing, the Court ORDERS the petition for mandamus dismissed with prejudice.