# In re SUCCESSOR LIABILITY CLAIMS AGAINST BAIRNCO CORPORATION.

### No. 2:93–0789.

United States District Court, S.D. West Virginia, Charleston Division.

Nov. 18, 1993.

---

Tybe A. Brett, Theodore Goldberg, Henderson & Goldberg, Pittsburgh, PA, Scott S. Segal, Segal and Davis, Charleston, WV, for plaintiffs in the collective or "mass" group of cases styled "In re Asbestos III" in the circuit court of Kanawha County, WV, in Civil Action No. 92–C–8888.

Robert B. King, Stephanie D. Thacker, King, Betts & Allen, Charleston, WV, Neal R. Brendel, Kenneth J. Cammarato, Kirkpatrick & Lockhart, Pittsburgh, PA, John H. Hall, Debevoise & Plimpton, New York City, Loren Kieve, Debevoise & Plimpton, Washington, DC, for defendant.

*MEMORANDUM OPINION AND ORDER*

HADEN, Chief Judge.

Pending is the Plaintiffs' motion to remand. For reasons discussed below, the Court **GRANTS** the Plaintiffs' motion and **REMANDS** this action to the Circuit Court of Kanawha County. The Court chooses not to award attorney fees and costs.

The Defendant, Bairnco Corporation, asserts this case was properly removed based on two principal grounds. First, Bairnco claims a state court order severing issues of successor liability results in complete diversity between Bairnco and the Plaintiffs, and thereby permits removal to federal court. Alternatively, Bairnco claims this action was properly removed under 28 U.S.C. § 1441(c), asserting that the severed claim against Bairnco constitutes a separate and independent issue involving a federal question.

Section 1441(a) of the federal removal statute provides as follows:

> "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Section 1441(c) of this statute states the following:

> "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed...." 28 U.S.C. § 1441(c).

Section 1331, as referenced in section 1441(c), states that district courts have original jurisdiction over federal question cases. Section 1441(c) therefore applies only to the removal of claims involving a federal question.[1]

■ Bairnco claims further that this action involves a federal question arising under the All Writs Act, 28 U.S.C. § 1651, which provides as follows:

> "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions...." 28 U.S.C. § 1651(a).[2]

The principle is well established, however, that federal courts have no power to *acquire jurisdiction* of a case through issuance of an extraordinary writ; jurisdiction must already rest on some other ground. *McClellan v. Carland,* 217 U.S. 268, 272, 30 S.Ct. 501, 54 L.Ed. 762 (1910); *Covington & C. Bridge Co. v. Hager,* 203 U.S. 109, 110–111, 27 S.Ct. 24, 24–25, 51 L.Ed. 111 (1906); *Gurley v. Superior Court of Mecklenburg County,* 411 F.2d 586, 587 (4th Cir.1969); *Craigo v. Hey,* 624 F.Supp. 414, 416 (S.D.W.Va.1985); *United States v. Hall,* 583 F.Supp. 717, 718 (E.D.Va. 1984); *Total Care, Inc. v. Sullivan,* 754 F.Supp. 1097, 1103 (W.D.N.C.1991), *aff'd,* 952 F.2d 397 (4th Cir.1991), *cert. denied,* — U.S. ——, 112 S.Ct. 2966, 119 L.Ed.2d 586 (1992).

■ Based on these rulings, the All Writs Act is not a source of federal question jurisdiction. The Court therefore concludes that 28 U.S.C. § 1441(c) is inapplicable as grounds for removal.

---

1. See the "Commentary on 1990 Revision," by David D. Siegal, which states the following:

   "Under the [1990] amendment, a removal under § 1441(c) is henceforth permitted only in a federal question case, i.e., a case in which the jurisdiction of the claim that furnishes the removal basis is one that arises under federal law."

2. Bairnco also asserts other grounds for federal question jurisdiction, including the following:

   "i) the express federal policy articulated in Fed.R.Civ.P. 23(b)(1)(B) of bringing together in one federal action all competing claims to a limited fund;

   ii) the broad federal interpleader policy in 28 U.S.C. §§ 1335 and 2361 of having all claims to a common *res* be decided in one federal action;

   . . .

   iv) the Anti–Injunction Act's exception for orders 'necessary in aid of [a federal court's] jurisdiction, or to protect or effectuate its judgments,' 28 U.S.C. § 2283...."

   Bairnco has failed to demonstrate how these broad federal policies relate to the *substantive issue of Bairnco's successor liability.* The Court concludes that none of these policies, in the context of this case, are sufficient to raise a federal question.

The second issue is whether the state severance resulted in a separate, diverse action between Bairnco and the Plaintiffs, thereby permitting Bairnco to remove successor liability claims to federal court based on 28 U.S.C. § 1441(a).

 The Court concludes that severance did not result in a separate legal *action* between Bairnco and the Plaintiffs. The Court notes that Plaintiffs moved for severance pursuant to Rule 42(c) of the West Virginia Rules of Civil Procedure, which provides as follows:

> "The Court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues...."[3]

The state court ultimately granted this motion, ruling as follows:

> "[T]he Court having considered the written submission of Bairnco, as well as the oral argument of counsel, is of the opinion that the issue of Bairnco's alleged liability as the successor company to Keene Corporation is a separate and independent issue from those presented with respect to the rest of the case.
>
> Accordingly, it is hereby ORDERED that the plaintiffs' claims against defendant Bairnco Corporation as to successor liability only, are severed from these proceedings, and it is further ORDERED that the issue of defendant Bairnco's alleged liability as the successor company to Keene Corporation shall be tried separately...."

The state court order mandates merely a *separate trial* with respect to the *separate issue* of successor liability, in response to the Defendant's Rule 42 motion for a separate trial. The order does not expressly create two *separate actions*. See *Phillips v. Unijax, Inc.*, 625 F.2d 54, 56 (5th Cir.1980); *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1519 (10th Cir.1991). This court is unwilling to conclude that suc-

cessor liability claims against Bairnco constitute a separate action for purposes of diversity jurisdiction. Thus complete diversity is lacking between the Plaintiffs, Bairnco, and the other Defendants, and removal is improper under 28 U.S.C. § 1441(a).

Accordingly the Court **GRANTS** the Plaintiffs' motion to remand and directs the Clerk to return this action to the Circuit Court of Kanawha County. The Court chooses not to award attorney fees and costs.

---

**3.** The language of Rule 42(b) of the Federal Rules of Civil Procedure is almost identical.