## ALABAMA POWER CO. v. TENNESSEE VALLEY AUTHORITY.

### No. 8469.

Circuit Court of Appeals, Fifth Circuit.

Oct. 19, 1937.

Forney Johnston and Wm. Logan Martin, both of Birmingham, Ala., for appellant.

James Lawrence Fly, Gen. Counsel, and William C. Fitts, Jr., Sol., both of Knox-

ville, Tenn., and John Lord O'Brian, of Buffalo, N. Y., for Tennessee Valley Authority.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment entered in the United States District Court for the Northern District of Alabama, granting an interlocutory injunction restraining appellant, its attorneys and agents, pendente lite, from further proceeding in a suit entitled Tennessee Electric Power Co. et al. against Tennessee Valley Authority, pending in the United States District Court for the Eastern District of Tennessee. It involves a conflict of jurisdiction between said courts. For brevity they will be hereafter referred to, respectively, as the Alabama court and the Tennessee court. The material facts may be briefly stated as follows:

After the decision by the Supreme Court in the case of Ashwander v. Tennessee Valley Authority, decided February 17, 1936, 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688, which affirmed this court in its reversal of a judgment of the Alabama court, 78 F.(2d) 578, appellant and some eighteen other public utilities companies, engaged in manufacturing, selling, and distributing electric power, brought a suit in a state court of Tennessee against the Tennessee Valley Authority, alleging that certain activities of the Authority were illegal and in violation of plaintiffs' constitutional rights and would cause them irreparable injury. The bill sought preliminary and final injunctions. The suit was removed to the Tennessee court. An interlocutory injunction issued out of that court, restraining the Authority from doing certain acts complained of, pendente lite. On appeal to the Circuit Court of Appeals for the Sixth Circuit that judgment was reversed and the case was remanded for further proceedings. Tennessee Valley Authority v. Tennessee Electric Power Co., 90 F.(2d) 885. It is still pending in the Tennessee court and has been set for hearing on the merits at an early date.

After the suit was filed in the Tennessee court appellee filed this suit, pleading res adjudicata, based on the decision in the Ashwander Case, as to all the issues raised on behalf of appellant in the Tennessee Case. The ancillary jurisdiction of the Alabama court was invoked to preserve the integrity of its judgment in the Ashwander Case, entered on the mandate of the Supreme Court.

In the Ashwander Case the bill was filed by preferred stockholders of the Alabama Power Company against the company and the Tennessee Valley Authority, to set aside a contract that had been entered into between them, which involved the acquisition by the Authority of transmission lines of the power company and provided for the sale and exchange of electric power, generated only at the Wilson Dam, which had been built under the provisions of the National Defense Act, § 124, 5 U. S.C.A. § 79. The suit was brought on the theory that the generation of an excess of electric power with its subsequent sale by the Authority was ultra vires and not within the constitutional authority of a governmental agency. The decision of the Supreme Court was to the contrary as to the sale of power generated at the Wilson Dam and the acquisition of transmission lines to distribute it. The court in that case did not pass upon the right of the Authority to do business generally as a public utilities company.

In the suit pending in the Tennessee court the bill is lengthy but we need not discuss it in detail. It is comprehensively reviewed in the opinion of the Court of Appeals above cited. That suit involves the right of the Authority to generate electric energy by water power created by other dams, built for commercial use, as well as the Wilson Dam, and the right of the Authority to do business generally. It is sufficient to say that the gravamen of the complaint in the Tennessee Case is that the activities of the Authority constitute illegal competition with the private interests of the plaintiffs. That question was not decided in the Ashwander Case and material issues in the suits are different.

We consider that the decree of the Alabama court in the Ashwander Case would not be at all affected by any judgment that could be entered in the Tennessee Case. Jurisdiction of the Tennessee court had attached before the ancillary bill was filed. Appellee pleaded res adjudicata against appellant in that suit and that question is still open for decision by the Tennessee court. If the plea is good, as to which we express no opinion, appellee may have the full benefit of it in that case. With the setting aside of the interlocutory injunction in the Tennessee Case the Authority is not

impeded in the development of its program. Appellant is entitled to its day in court to try the issues raised in the Tennessee Case. Conceding that the Alabama court would have concurrent jurisdiction, comity requires that that court should not attempt to interfere with the jurisdiction of the Tennessee court, which first attached, by enjoining one of the parties plaintiff from further prosecuting the suit there pending. It was an abuse of discretion to grant the interlocutory injunction. In re Georgia Power Co. (C.C.A.) 89 F.(2d) 218.

The judgment appealed from is reversed, and the case remanded for further proceedings not inconsistent with this opinion.

Reversed, and remanded.