Roberta M. BRITTINGHAM, Plaintiff-Appellant,

v.

UNITED STATES COMMISSIONER OF INTERNAL REVENUE et al., Defendants-Appellees.

No. 71–1281.

United States Court of Appeals, Fifth Circuit.

Oct. 4, 1971.

Edward H. Forgotson, Ethan B. Stroud, Stroud & Smith, Dallas, Tex., for plaintiff-appellant.

Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, John P. Burke, Jo-

seph H. Reiter, Attys., Dept. of Justice, Tax Div., Washington, D. C., for defendants-appellees; Eldon B. Mahon, U. S. Atty., Kenneth J. Mighell, Asst. U. S. Atty., of counsel.

Before AINSWORTH, INGRAHAM and RONEY, Circuit Judges.

RONEY, Circuit Judge:

This appeal is from an order of the district court dismissing plaintiff's application for a "Writ of Mandatory Relief" sought pursuant to 28 U.S.C. § 1651. In her application plaintiff asserted that the Commissioner of Internal Revenue had in his possession certain documents which were obtained in violation of plaintiff's attorney-client privilege. She asked the district court to (1) prevent the Commissioner from introducing the documents in evidence in certain cases pending before the Tax Court, (2) prevent the Commissioner from using the documents for any other purpose, and (3) order that the documents be returned to her. The district court dismissed the case for the reasons that the court lacked jurisdiction and that plaintiff had failed to state a claim upon which relief could be granted. We affirm.

Plaintiff has resided for many years in Mexico. In 1955–1957 and again in 1963–1965 she employed a Los Angeles attorney to handle certain California state tax matters for her. In the course of his work for Mrs. Brittingham, the attorney engaged in a considerable amount of correspondence with her two sons, Robert M. Brittingham, of California, and Juan R. Brittingham, of Mexico, who managed most of plaintiff's financial affairs.

In January of 1969, two agents of the Internal Revenue Service called upon the attorney in his Los Angeles office and informed him that they were investigating the possible tax liability of Robert and Juan Brittingham. After questioning him about the work he had done for Mrs. Brittingham, the agents asked to see the attorney's office file. The attorney not only allowed the agents to examine the file but also provided them with copies of 28 of the documents contained therein. Specifically, the documents copied were as follows:

12 letters between the attorney and Robert Brittingham

6 letters between the attorney and the California State Franchise Tax Board

3 letters between the attorney and Juan Brittingham

1 letter from Robert Brittingham to Juan Brittingham

2 letters between the attorney and plaintiff

2 letters between plaintiff and the Tax Board

1954 and 1964 California Tax Returns of Mrs. Brittingham

The copies made by the two agents were sent to the Dallas office of the Internal Revenue Service where they were reviewed by a gift tax examiner, with the result that gift tax assessments were made against Juan Brittingham for making gifts to plaintiff and others. The validity of these assessments is being contested in the Tax Court in some 10 different civil cases involving Juan Brittingham, Robert Brittingham and various other individuals. Roberta Brittingham, plaintiff here, is not a party to any of the proceedings in the Tax Court.

Before the present action was filed in the District Court for the Northern District of Texas, the Brittinghams filed motions to suppress in the Tax Court. They alleged that the documents copied were obtained in violation of Mrs. Brittingham's attorney-client privilege and "in violation of the attorney work product immunity." These motions to suppress were denied on two grounds. First, the Tax Court treated the motions as having been brought on behalf of Mrs. Roberta Brittingham and felt that it had no jurisdiction to entertain a supplementary proceeding to suppress evidence instituted on behalf of someone

who was not a party. Second, it noted that almost all of the documents in question were communications between the attorney and the two Brittingham sons, who were not his clients and, therefore, the attorney-client privilege did not come into play. The order of the Tax Court was made without prejudice, however, subject to "the right of either party to object to the introduction in evidence of any of the papers referred to in the motions and to the right of either party to present further evidence on the admissibility of the letters, instruments, documents, and correspondence referred to in the motions."

■ Plaintiff brought this action under 28 U.S.C. § 1651, which provides, in part, as follows:

(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

It is settled that this section, known as the All Writs Act, by itself, creates no jurisdiction in the district courts. It empowers them only to issue writs in aid of jurisdiction previously acquired on some other independent ground. McIntire v. Wood, 7 Cranch 504, 3 L.Ed. 420 (1813); Rosenbaum v. Bauer, 120 U.S. 450, 7 S.Ct. 633, 30 L.Ed. 743 (1887); Covington & C. Bridge Co. v. Hager, 203 U.S. 109, 27 S.Ct. 24, 51 L. Ed. 111 (1906); Hurt v. Cotton States Fertilizer Co., 159 F.2d 52 (5th Cir. 1947), cert. den., 331 U.S. 828, 67 S.Ct. 1351, 91 L.Ed. 1843; Haggard v. Tennessee, 421 F.2d 1384 (6th Cir. 1970).

■ Appellant would have us find the requisite independent jurisdiction in the district court by virtue of 26 U.S.C. Sections 7402(b) and 7604(a), Internal Revenue Code of 1954, as interpreted in Reisman v. Caplin, 375 U.S. 440, 84 S. Ct. 508, 11 L.Ed.2d 459 (1964); United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), and United States v. Roundtree, 420 F.2d 845 (5th Cir. 1969). These two sections, which are almost identical in language, simply confer upon the district courts the power to enforce a summons issued under the Internal Revenue laws requiring a person to appear, testify or produce documents.

■■ The cases relied upon by appellant are all cases in which a summons had actually been issued and the jurisdiction of the court was sought to enforce the summons (*Powell* and *Roundtree*) or to prevent enforcement of it (*Reisman*). No cases have been cited to us, and we have found none, which hold that these sections give any jurisdiction to the district courts independent of summons enforcement proceedings. The argument that if the Commissioner had sought the documents by summons, the appellant would have been able to litigate its enforcement does not support jurisdiction. There is nothing to indicate that Congress intended by this statute to confer jurisdiction on the district courts to entertain suits based upon such a supposition.

■ But even if we could find some basis for independent jurisdiction upon which to posit an order under the All Writs Act, there are three sound reasons for the denial of relief in this case, wholly apart from any consideration of the merits of the matter.

First, it is a clearly expressed congressional policy that courts should not intervene preemptively in the tax collection process. 26 U.S.C. § 7421(a) provides:

[Except as provided in sections not applicable here] no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

28 U.S.C. § 2201 provides, in pertinent part,

In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes*, any court of the United States, * * * may declare the

rights and other legal relations of any interested party * * * [emphasis added].

This court has previously expressed its doubts about the wisdom of premature interference with the investigatory aspects of tax cases. Campbell v. Guetersloh, 287 F.2d 878 (5th Cir. 1961).

Other courts have had occasion to consider the very problems presented by the instant appeal and have found it inappropriate for the district court to act. In Zamaroni v. Philpott, 346 F.2d 365 (7th Cir. 1965), cert. den., 382 U.S. 903, 86 S.Ct. 238, 15 L.Ed.2d 157, the plaintiff sought to enjoin the District Director of Internal Revenue from using certain items of information, allegedly seized in violation of the Fourth Amendment, in proving tax deficiencies. The court stated that

> [T]he underlying policy manifested by the provisions of both 26 U.S.C.A. § 7421(a) and 28 U.S.C.A. § 2201 leads us to the conclusion that collateral determination of the admissibility of evidence in an administrative tax proceeding or investigation is not a proper sphere for injunctive intervention in the exercise of equitable jurisdiction. (346 F.2d p. 366). [Footnote omitted].

The same result was reached in Koin v. Coyle, 402 F.2d 468 (7th Cir. 1968) and in Hamilton v. United States, 309 F. Supp. 468 (S.D.N.Y.1969), aff'd 429 F. 2d 427 (2nd Cir. 1970).

Second, comity dictates that courts of coordinate jurisdiction not review, enjoin or otherwise interfere with one another's jurisdiction. The Tax Court, within its limited jurisdiction, is of equal stature with the district court. In connection with those cases before it, it has the same power available to it as the district court. The decisions of each are fully reviewable by the same Court of Appeals. The proper exercise of restraint in the name of comity keeps to a minimum the conflicts between courts administering the same law, conserves judicial time and expense, and has a salutary effect upon the prompt and efficient administration of justice. There appears to be no valid reason for the district court to tell the tax court what evidence it should or should not admit. United States v. American Radiator and Standard Sanitary Corp., 388 F.2d 201 (3rd Cir. 1967), cert. den., 390 U.S. 922, 88 S.Ct. 858, 19 L.Ed.2d 983; Alabama Power Co. v. TVA, 92 F.2d 412 (5th Cir. 1937).

Third, an injunction should be granted only upon a showing of irreparable harm and lack of an adequate remedy at law. Douglas v. Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943); Brown v. Board of Trustees of La-Grange Ind. Sch. Dist., 187 F.2d 20, 25 (5th Cir. 1951); Clark v. Thompson, 206 F.Supp. 539, 543 (S.D.Miss.1962), aff'd, 313 F.2d 637 (5th Cir. 1963), cert. den., 375 U.S. 951, 84 S.Ct. 440, 11 L. Ed.2d 312 (1963); Stern v. South Chester Tube Co., 390 U.S. 606, 88 S.Ct. 1332, 20 L.Ed.2d 177 (1968). The situation must be viewed as of the present. Chemical Corp. of America v. Anheuser-Busch, Inc., 306 F.2d 433, 439 (5th Cir. 1962), cert. den., 372 U.S. 965, 83 S.Ct. 1089, 10 L.Ed.2d 129.

There is no longer any ability to thwart disclosure of the material allegedly protected by the attorney-client privilege. The exchange of correspondence has been disclosed to the United States taxing authorities and has been disclosed by the institution of a malpractice suit brought by plaintiff against her attorney. Hunt v. Blackburn, 128 U.S. 464, 9 S.Ct. 125, 32 L.Ed. 488 (1888); Farnsworth v. Sanford, 115 F. 2d 375 (5th Cir. 1940). The court is powerless to restore confidentiality, so it appears that appellant's remedies at law are as adequate as any remedy as could be afforded by the district court. The Tax Court has not yet made any final ruling on the admissibility of the disputed documents. The decision of that Court, once rendered, will be fully reviewable here. Although appellant argues that there is a possibility that she may be liable as a transferee under

Section 6901 of the Internal Revenue Code, no liability of any kind as yet has been asserted against her.

Affirmed.