SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 250, AFL–CIO, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent,

and

E. H. Limited d/b/a Earringhouse Imports, Intervenor.

No. 79–7682.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 1980.

Decided March 12, 1981.

See also, D.C.Cir., 600 F.2d 930.

David A. Rosenfeld, Van Bourg, Allen, Weinberg & Roger, San Francisco, Cal., argued, for petitioner.

Elliott Moore, N. L. R. B., Washington, D. C., on brief; Robert Magor, Severson, Werson, Berke & Melchior, San Francisco, Cal., for respondent.

Before DUNIWAY and KENNEDY, Circuit Judges, and CURTIS,* District Judge.

KENNEDY, Circuit Judge:

The primary question here is whether an earlier judgment by a Court of Appeals precludes adjudicating other legal aspects of the dispute in further proceedings before the National Labor Relations Board [Board]. The Board, the Union and the employer were previously before the United States Court of Appeals for the District of Columbia Circuit on the Union's petition to review an order determining that the employer committed an unfair labor practice, and on the Board's and the employer's cross-petitions. The judgment was in favor of the employer, reversing the Board's finding that an unfair labor practice had occurred. *Service Employees Int'l Union, Local 250 v. NLRB*, 600 F.2d 930 (D.C.Cir. 1979). The Union then went back to the Board. The Union contended that the Court of Appeals' decision was limited to a determination that the employer had not

committed unfair labor practices under sections 8(a)(1), (4) and (5) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1), (4) and (5) (1976), and that the Court had not adjudicated a Union claim that the employer had also violated section 8(a)(3), 29 U.S.C. § 158(a)(3) (1976). The Board declined jurisdiction, and the Union now petitions us to order the Board to rule whether the employer has violated section 8(a)(3). We agree with the Board that it lacked jurisdiction to rule on the charge.

The underlying dispute arose in 1974, and the facts are set forth in the first case. 600 F.2d at 933–35. In essence, the employer, E. H. Limited, warned its employees not to leave work to attend a Board representation hearing, although the employer did offer to allow one employee representative to attend. Despite the directive, thirteen employees left work to attend the hearing. They were dismissed for their unauthorized absence from work.

The employees filed charges with the Board, alleging violations of sections 8(a)(1), (3), (4) and (5) of the National Labor Relations Act. The Board ruled that the employer had violated sections 8(a)(1), (4) and (5). In a footnote, the Board expressly declined to pass on the alleged section 8(a)(3) violation. The Board said:

> However, in view of our findings above we need not decide whether, in the circumstances here, Respondent's discharge of the 13 employees violated Sec. 8(a)(3) as well as Sec. 8(a)(4) and (1) of the Act. Furthermore, we believe it important to stress that our decision here protecting the right of employees to attend Board hearings does not rest at all upon whether that right is exercised alone or in concert.

*E. H. Limited d/b/a Earringhouse Imports*, 227 N.L.R.B. 1107, 1109 n.9 (1977). The dissenting members of the Board explicitly found that the alleged section 8(a)(3) violation was "clearly without merit." *Id.* at 1114–15 n.25.

---

* Honorable Jesse W. Curtis, Senior United States District Judge for the Central District of California, sitting by designation.

Although the Board awarded the Union most of its requested relief, the Union petitioned the United States Court of Appeals for the District of Columbia Circuit for modification and enforcement of the order. The Union specifically claimed that the Board had erred by not deciding the section 8(a)(3) question and by incorrectly computing the amount of back pay awarded for the other violations. The employer and the Board filed cross-petitions, and the actions were consolidated.

The Court of Appeals granted the employer's petition for review and vacated the Board's order, concluding that the Board had erred in finding violations of sections 8(a)(1), (4) and (5). With respect to the Union's claim that the Board erred in not deciding the section 8(a)(3) contention, the court was less clear. In denying the Union's petition for review and enforcement, it said:

> Since No. 77–1165 [the Union's petition] involves only an alleged error as to the date back pay should become effective and whether the discharge of the thirteen employees violated § 8(a)(3) of the Act, and by reason of the conclusions herein reached, we deem it unnecessary to give further consideration to No. 77–1165 for the reason that our action in No. 77–1630 [the employer's petition] will render the back pay issue moot.

*Service Employees Int'l Union, Local 250 v. NLRB*, 600 F.2d 930, 932 n.4 (D.C.Cir.1979). The court did not remand any portion of the case to the Board.

The Union petitioned the court for rehearing and suggested the appropriateness of a rehearing en banc. In its petition the Union claimed, among other things, that "the panel failed to consider the position considered by this petitioner that the employees [*sic*] concerted activity mandated protection under § 8(a)(3). [¶] This Petition for Rehearing and Suggestion of Hearing En Banc is directed to the elements of the case totally ignored by the panel which

consider [*sic*] only the implications of § 8(a)(4)." The Court of Appeals denied both the rehearing petition and the suggestion for rehearing en banc on May 31, 1979. No certiorari petition was directed to the Supreme Court.

The Union then promptly went before the Board and moved to "reopen [the] case in order to conclude the remaining allegation." The Board denied this motion, finding that the Court of Appeals, by not remanding the matter, had "concluded" the case and had left the Board with "no authority at this time to consider the merits of Section 8(a)(3) allegation of the complaint." The Union now petitions this court to direct the Board to hear its section 8(a)(3) claim.

The Union contends the Board still retains jurisdiction to hear the section 8(a)(3) claim. It asserts that since the Court of Appeals' opinion speaks of mootness of back pay in its footnote four, an issue concededly irrelevant to the section 8(a)(3) claim, the court's opinion must be interpreted as having reserved the claim for later Board consideration. The employer contends this interpretation is inconsistent with the Court of Appeals' failure to order a remand, especially after the Union in its rehearing petition pointed out the court's failure to address the section 8(a)(3) claim.

A preclusive effect in the Court of Appeals' mandate is fairly implied from the scope of its jurisdiction and the wording of its judgment. In section 10(e) of the National Labor Relations Act, 29 U.S.C. § 160(e) (1976), Congress provided that "[u]pon the filing of the record with [the Court of Appeals] the jurisdiction of the court shall be exclusive and its judgment and decree shall be final . . . ." In *International Union of Mine, Mill & Smelter Workers, Local Nos. 15, 17, 107, 108 & 111 v. Eagle-Picher Mining & Smelting Co.*, 325 U.S. 335, 65 S.Ct. 1166, 89 L.Ed. 1649 (1945), the Court addressed the effect of a "final" judgment of a Court of Appeals.[1] The Court said:

---

1. *Eagle-Picher* involved section 10(e) of the National Labor Relations Act, 29 U.S.C. § 160(e) (1976), whereas the Union here petitioned the

District of Columbia Court of Appeals for enforcement under section 10(f), 29 U.S.C. § 160(f) (1976). Section 10(f), however, pro-

We are not dealing here with an administrative proceeding. That proceeding has ended and has been merged in a decree of a court pursuant to the directions of the National Labor Relations Act. The statute provides that if, in the enforcement proceeding, it appears that any further facts should be developed the court may remand the cause to the Board for the taking of further evidence and for further consideration. (§ 10(e).) But it is plain that the scheme of the Act contemplates that when the record has been made and is finally submitted for action by the Board, the judgment "shall be final." It is to have all the qualities of any other decree entered in a litigated cause upon full hearing, and is subject to review by this court on certiorari as in other cases. (§ 10(e) *supra*).

*Id.* at 339, 65 S.Ct. at 1168 (footnote omitted). *See also Greater Boston Television Corp. v. FCC*, 463 F.2d 268, 287–89 (D.C.Cir. 1971), *cert. denied*, 406 U.S. 950, 92 S.Ct. 2042, 32 L.Ed.2d 338 (1972); *NLRB v. Wilder Mfg. Co.*, 454 F.2d 995, 997–98 (D.C.Cir. 1971). We think it follows from this that, absent an order to remand or some express qualification in the judgment, finality is presumed.

When the Union originally petitioned the Court of Appeals for the District of Columbia Circuit, it sought a ruling that the Board erred when it declined to pass on the section 8(a)(3) claim. *See, e. g., United Steelworkers of America v. NLRB*, 405 F.2d 1373, 1377 (D.C.Cir.1968). It was open to the Court of Appeals to remand the case to the Board for further proceedings on the section 8(a)(3) claim if the court saw any

merit to that contention. *Ford Motor Co. v. NLRB*, 305 U.S. 364, 373–74, 59 S.Ct. 301, 306–07, 83 L.Ed. 221 (1939); National Labor Relations Act §§ 10(e), (f), 29 U.S.C. §§ 160(e), (f) (1976). The failure to remand implies a determination that the stipulated facts presented no violation of section 8(a)(3) and the court's written disposition supports this conclusion. After acknowledging that the Union sought adjudication of the alleged section 8(a)(3) violation, the court stated that "by reason of the conclusions herein reached, we deem it unnecessary to give further consideration to [the Union's petition] . . . ." 600 F.2d at 932 n.4. This language and the failure to remand are construed most reasonably as a determination that no section 8(a)(3) violation was presented.[2] On such a reading, the court's opinion was final under sections 10(e) and (f), and barred further proceedings arising from the same transaction under the doctrine of res judicata. *Eagle-Picher*, 325 U.S. at 340, 65 S.Ct. at 1168. *See also Montana v. United States*, 440 U.S. 147, 153–55, 99 S.Ct. 970, 973–75, 59 L.Ed.2d 210 (1979); *Mervin v. FTC*, 591 F.2d 821, 829–31 (D.C.Cir.1978); *City of Cleveland v. Federal Power Comm'n*, 561 F.2d 344, 348 & n.39 (D.C.Cir.1977); *Greater Boston Television Corp.*, 463 F.2d at 290–91.

The Union responds by saying that the Court of Appeals for the District of Columbia Circuit was without jurisdiction to determine the existence of a section 8(a)(3) violation, and cites *NLRB v. Food Store Employees Union, Local 347*, 417 U.S. 1, 94 S.Ct. 2074, 40 L.Ed.2d 612 (1974) for the proposition that a Court of Appeals may not

---

vides that "the court shall proceed in the same manner as in the case of an application by the Board under subsection (e) of this section, and shall have the same jurisdiction [to grant interim relief], and in like manner to make and enter a decree . . . ." Thus, the preclusive effect of a decree entered under section 10(f) is no less than that under section 10(e).

**2.** Without reaching the merits of the section 8(a)(3) violation, we note that it is not unreasonable to assume that the Court of Appeals ruled against the Union on this point. To begin with, that holding would be consistent with the result the court reached as to the other por-

tions of the statute. Second, there is respectable existing authority to support such a conclusion. It is, for example, well settled that, except in the rarest of cases, some proof of antiunion animus is necessary to establish a violation of section 8(a)(3). *See* R. Gorman, Basic Text on Labor Law 137–38 (1976). The District of Columbia Court of Appeals, however, found this element lacking. "[I]n the case before us . . . there is not the slightest intimation of animus [towards] union activity." *Service Employee Int'l Union, Local 250 v. NLRB*, 600 F.2d 930, 936 n.17 (D.C.Cir.1979).

**1046**

enlarge the scope of an agency's order. In *Food Store Employees*, the Court of Appeals had said the Board had abused its discretion by omitting a specific remedy, and the court instructed the Board to enter an order accordingly. In reversing, the Supreme Court said that "remand to the agency for reconsideration, and not enlargement of the agency order, is ordinarily the reviewing court's proper course." *Id.* at 10. *See also South Prairie Constr. Co. v. Local 627, Int'l Union of Operating Eng'rs*, 425 U.S. 800, 805–06, 96 S.Ct. 1842, 1844–45, 48 L.Ed.2d 382 (1976) (per curiam). There are at least two reasons why we find *Food Store Employees* inapposite. First, although a court may correct or modify its own mandate, *Greater Boston Television Corp.*, 463 F.2d at 276–80; 28 U.S.C. § 2106 (1976), we conclude that it is more consonant with notions of comity, if not actually required, that a party dissatisfied with the mandate apply to the issuing court for correction or interpretation, *see Bergh v. Washington*, 535 F.2d 505 (9th Cir. 1976); *Brittingham v. Commissioner*, 451 F.2d 315 (5th Cir. 1971), or seek appellate review, *see Eagle-Picher*, 325 U.S. at 339, 65 S.Ct. at 1168; *Chicago & N.W. Trans. Co. v. United States*, 574 F.2d 926, 930 (7th Cir. 1978). Here, the alleged error was called to the District of Columbia Court of Appeals' attention in the Union's rehearing petition, and when the court declined to correct it, its judgment became final. Second, and more important, the doctrine in the *Food Store Employees* case is not inconsistent with the judgment of the District of Columbia Court of Appeals. *Food Store Employees* establishes that a court should defer to the Board in fashioning remedies for unfair labor practices. This is analytically distinct from deciding that a stipulated set of facts does not constitute a violation of a statute such as section 8(a)(3). The latter is within the province of the judiciary in our system of separate powers, and we believe that the Court of Appeals for the District of Columbia Circuit observed its proper judicial function in its earlier disposition of this case.

The petition for review is denied.