Filed:   February 15, 1996

**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 95-1364**

—————————

NATIONAL LABOR RELATIONS BOARD,

Petitioner,

UNITED FOOD & COMMERCIAL WORKERS, Local 204,
AFL-CIO;   INTERNATIONAL  UNION  OF  OPERATING
ENGINEERS, Local 465, AFL-CIO,

Intervenors,

versus

LUNDY PACKING COMPANY,

Respondent.

—————————

**No. 96-1177**

—————————

In Re:  LUNDY PACKING COMPANY, INCORPORATED,

Petitioner.

—————————

**O R D E R**

In <u>N.L.R.B. v. Lundy Packing Co.</u>, 68 F.3d 1577 (4th Cir. 1995), this court addressed the Board's bargaining unit determination for a production and maintenance unit at Lundy Packing Company's Clinton, North Carolina facility. In that case, we denied the Board's request to enforce its bargaining order against Lundy, thereby terminating all administrative proceedings relating to the case. At no time did the Board ever suggest that a remand for counting the challenged ballots would be an appropriate alternative disposition of the case (the Board unequivocally requested "that judgment should enter enforcing the Board's order in full"), nor, given our view of the proceedings below, did this court remand any portion of the case to the Board for further consideration.

"Absent a remand, the Board may neither reopen nor make additional rulings on a case once exclusive jurisdiction vests in the reviewing court." <u>George Banta Co., Inc. v. N.L.R.B.</u>, 686 F.2d 10, 16 (D.C. Cir. 1982), <u>cert.</u> <u>denied</u>, 460 U.S. 1082 (1983). This is because "[i]n section 10(e) of the National Labor Relations Act, 29 U.S.C. § 160(e), Congress provided that '[u]pon the filing of the record with [the Court of Appeals] the jurisdiction of the court shall be exclusive and its judgment and decree shall be

final.'" <u>Service Emp. Intern. Union Local 250, AFL-CIO v.</u>
<u>N.L.R.B.</u>, 640 F.2d 1042, 1044 (9th Cir. 1981) (Kennedy, J.). As
the Supreme Court has noted, when a "proceeding has ended and has
been merged in a decree of a court pursuant to the directions of
the National Labor Relations Act . . . . [i]t is to have all the
qualities of any other decree entered in a litigated cause upon
full hearing, and is subject to review by this court on certiorari
as in other cases." <u>Int'l Union of Mine, Mill & Smelter Workers v.</u>
<u>Eagle-Picher Mining & Smelting Co.</u>, 325 U.S. 335, 339 (1945).

In <u>Lundy</u>, this court addressed both the refusal of Lundy
Packing to bargain and the underlying representation proceedings.
Indeed, the refusal to bargain case was merely the vehicle by which
the Board's representation proceedings reached this court for
review. <u>See</u> <u>Boire v. Greyhound Corp.</u>, 376 U.S. 473, 477 (1964)
("Such decisions, rather, are normally reviewable only where the
dispute concerning the correctness of the certification eventuates
in a finding by the Board that an unfair labor practice has been
committed as, for example, where an employer refuses to bargain
with a certified representative on the ground that the election was
held in an inappropriate bargaining unit"); <u>The Developing Labor</u>
<u>Law</u> at 1878 (Hardin, ed. 1992) ("review of issues in representation
proceedings may only be obtained incidental to review of an order
entered in an unfair labor practice proceeding"). The Board
acknowledged as much in its <u>Lundy</u> brief, listing only two
"determinative underlying issues": "(1) whether the Board abused
its broad discretion in finding appropriate a production and

3

maintenance unit . . . and (2) whether the Board abused its discretion in overruling the Company's election objections."

Thus, the attempt by the Board to revive the representation petition and the election that followed exceeds the Board's jurisdiction.  Following our decision in <u>Lundy</u>, "[t]he Board had no jurisdiction to modify the remedy."  <u>W.L. Miller Co. v. N.L.R.B.</u>, 988 F.2d 834, 837 (8th Cir. 1993).  Indeed, any other approach would result in endless rounds of piecemeal litigation and frustrate the ability of the Supreme Court to review final decisions of this court.

Our respect for the Board is such that we see no need to mandamus or otherwise enjoin it.  Therefore, Lundy's motion to stay the Board's order is moot, its motion for a writ of mandamus is denied, its motion to show cause why the Board should not be held in contempt is denied, and the unions' motion to intervene is granted.  We reiterate our earlier order that enforcement of the Board's bargaining order is denied and that this case is closed in all respects.

Entered at the direction of Chief Judge Wilkinson with the concurrence of Judge Niemeyer and Judge Hamilton.