NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0314n.06
Filed: May 4, 2006

## No. 05-5201

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| PAUL CARTER, THE CARTER GROUP, INC, | ) | |
| and | ) | ON APPEAL FROM THE |
| **AMERICAN FINANCIAL BUSINESS LLC,** | ) | WESTERN DISTRICT OF |
| *Petitioner,* | ) | KENTUCKY, BOWLING |
| | ) | GREEN DIVISION |
| v. | ) | |
| | ) | C.A. No. 1:04CV-137-M |
| **BANK ONE, JP. MORGAN CHASE &** | ) | |
| **COMPANY,** and **UNITED STATES** | ) | **O P I N I O N** |
| **SECURITIES AND EXCHANGE** | ) | |
| **COMMISSION,** | ) | |
| *Respondent.* | ) | |

**BEFORE:** COLE, GILMAN, and FRIEDMAN,[*] Circuit Judges.

**Friedman, Circuit Judge.** This appeal challenges a district court's dismissal of a lawsuit on the ground of comity because of the pendency of a previously filed suit in another district court that involved the same issues and parties. We AFFIRM.

I

This case had its genesis in a complaint the Securities and Exchange Commission ("the Commission") filed on April 5, 2004 in the United States District Court for the Northern District of Alabama ("Alabama court") against Timothy R. Heyman and Heyman International, Inc. (collectively "Heyman"). It alleged that they had violated federal securities laws through the

---

[*]Daniel M. Friedman, Senior Circuit Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

operation of a fraudulent Ponzi scheme involving the sale of unregistered securities. On the same day, the court entered a temporary restraining order and an order freezing Heyman's assets. The latter order stated that "all funds and other assets of Defendants Timothy R. Heyman and Heyman International, Inc. are hereby frozen." It ordered that

> any bank, financial or brokerage institution or other person or entity holding any such funds or other assets referred to in Section I of this Order, in the name of, for the benefit of, or under the control of Timothy R. Heyman or Heyman International, Inc., or any account holding Heyman International, Inc. investor funds whenever located . . . shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such finds [sic] or other assets.

The Commission contended that the freeze order covered three accounts in Bank One of the appellants Paul Carter, The Carter Group, Inc., and American Financial Business LLC (collectively "Carter"). The Commission requested Bank One to freeze those assets, which Bank One did.

Carter sued the Commission and Bank One in a Kentucky state court seeking declaratory and injunctive relief against the application of the freeze order to the Bank One accounts. The Commission removed the case to the United States District Court for the Western District of Kentucky ("Kentucky court"). In the Kentucky court, Carter moved for default judgment because neither the Commission nor Bank One had filed a responsive pleading. The Kentucky court denied the motion on November 19, 2004.

On December 16, 2004, the Commission amended its complaint in the Alabama court to add the Carter parties as defendants. In its order dismissing the case, the Kentucky court stated that "[t]he amended complaint alleges that Carter, through American Financial Business and The

Carter Group, perpetrated a fraudulent, unregistered securities offering in connection with the underlying Heyman International, Inc. Ponzi scheme in which Carter raised nearly $2 million from more than 100 investors between September 2002 and April 2004. The SEC also notes that the issue has always been common in both cases, that is, the freezing of Plaintiff's funds."

On January 3, 2005, the Kentucky court dismissed Carter's complaint "as a matter of comity, particularly now that the Plaintiffs have been joined in the Alabama case."

On March 7, 2005, Carter moved to dismiss the amended complaint in the Alabama court insofar as it named Carter as a party, for lack of subject matter and personal jurisdiction, and under the doctrine of *forum non conveniens*. He also filed a motion "to compel plaintiff to cause to have released money improperly frozen." The Alabama court held a hearing on those motions on April 27, 2005, but has not ruled on them.

II

Under the principle of comity, a district court properly may dismiss a case because of a previously filed case pending before another district court that presents the same issues and involves the same parties. *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982); *See also Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs.*, 16 Fed. Appx. 433, 437 (6th Cir. 2001) (unpublished opinion). We review such a dismissal for abuse of discretion. *Zide*, *Id.* at 438-39; *Alltrade v. Uniweild Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991).

The Kentucky court did not abuse its discretion in so dismissing this case. When the court entered its judgment of dismissal, the Commission had already filed its amended complaint naming Carter as a defendant in the Alabama case. The issue in the present case is whether the Alabama

court's freeze order covers the three Bank One accounts of Carter. That issue also has been raised in the Alabama court by Carter's attempt to dismiss the amended complaint insofar as it named Carter as a defendant. There is thus present in these two cases the potential for a direct clash between the two courts, since they could reach different conclusions regarding that issue. That of course is one of the situations the doctrine of comity is intended to prevent. *See Brittingham v. Commissioner of Internal Revenue*, 451 F.2d 315, 318 (5th Cir. 1971).

It is unclear whether Carter challenges the provision of the freeze order that directs "any bank" to freeze any of Heyman's assets or those held for his benefit or under his control, or challenges only the application of the freeze order to the three Carter accounts that Bank One holds. Either theory, however, requires a determination of the scope, and perhaps the validity, of the freeze order. The Kentucky court did not abuse its discretion in concluding that those determinations should be made initially by the court that entered the freeze order, which is in the best position to know what that order intended to cover. *Cf. Baker by Thomas v. GMC*, 522 U.S. 222, 249 (1998) (Kennedy, J., concurring in the judgment).

Carter also contends that the Kentucky court erred in denying its motion for a default judgment because of the Commission's alleged failure to file a timely answer to the complaint. That judicial action was not a final judgment, and the propriety of that action is not a live issue in view of the court's subsequent dismissal of the suit.

## CONCLUSION

The order of the district court, dismissing Carter's action for declaratory and injunctive relief, is AFFIRMED.