# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 16, 2008

Charles R. Fulbruge III
Clerk

No. 08-50067
Summary Calendar

DAVID S. TAYLOR; TOBY C. TAYLOR

Petitioners- Appellants

V.

UNITED STATES OF AMERICA; INTERNAL REVENUE SERVICE

Respondents- Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:07-CV-680

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Petitioners-Appellants David S. Taylor and Toby C. Taylor ("the Taylors") petitioned the district court to quash an Internal Revenue Service ("IRS") summons served on the custodian of records of the local Church of Jesus Christ of Latter Day Saints ("LDS Church") for records relating to possible criminal tax violations by the Taylors. The district court granted the IRS's motion to dismiss

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for lack of jurisdiction. The Taylors appeal arguing that the district court erred in dismissing their petition. For the following reasons, we AFFIRM.

I.

On August 1, 2007, Special Agent David Booth, an IRS criminal investigator, served a summons on the LDS Church seeking records relating to possible criminal tax violations by the Taylors for the tax years 2002-2005.[1] The summons required LDS to comply by August 13, 2007. Relying on an exception to the notice requirement for such third-party summonses, Agent Booth did not serve notice upon the Taylors. However, LDS Church notified them of the summons and its willingness to comply. On August 7, 2007, LDS Church sent the summoned information to the IRS. On August 9, 2007, relying on 26 U.S.C. § 7609(b)(2), the Taylors filed a petition to quash the IRS's summons. They also sought various forms of equitable relief in the district court pursuant to 28 U.S.C. §§ 1331, 1340, 1343(a)(3), 1346 and Article III of the United States Constitution.[2]

The IRS moved to dismiss the petition to quash arguing that the district court lacked subject matter jurisdiction over an action against the United States where the government's sovereign immunity had not been waived. The

---

[1] 26 U.S.C. § 7602(a) gives the IRS the authority to summon persons, including third parties, having books, papers, records or other data bearing on a determination of a taxpayer's tax liability to appear and produce such records and to give relevant testimony. A summons may be issued in connection with an inquiry into any offense connected with the administration or enforcement of the internal revenue laws. See 26 U.S.C. § 7602(b).

[2] In their petition, the Taylors alternatively requested the following relief: (1) an evidentiary hearing to determine the legitimacy of the IRS's summons; (2) a preliminary injunction prohibiting the IRS from obtaining or using any financial information, records or testimony acquired from LDS Church relating to petitioners by having the IRS direct LDS not to comply with the summons until resolution of the underlying issues by the district court; (3) an order temporarily enjoining the IRS from continuing its criminal investigation of the Taylors until resolution of the underlying issues by the district court; and (4) an order requiring the IRS to provide a complete list of all contacts that had been issued with or without notice to the Taylors.

magistrate judge agreed that the district court lacked jurisdiction. Specifically, the magistrate judge determined that: (1) although 26 U.S.C. § 7609 provides for a waiver of the government's sovereign immunity in certain actions brought by persons named in an IRS summons issued to a third-party, an exception to that waiver applied and barred the Taylors from bringing an action to quash the summons served on LDS Church; and (2) general jurisdictional statutes such as 28 U.S.C. §§ 1331, 1340, 1343(a)(3), 1346 and Article III of the United States Constitution do not waive the government's sovereign immunity without an explicit statement from Congress. On November 16, 2007, the district court adopted the report and recommendations of the magistrate judge and issued a final judgment granting the IRS's motion to dismiss. The Taylors timely appealed.

II.

A district court's decision to grant a motion to dismiss for lack of subject matter jurisdiction, is a jurisdictional question that we review de novo. See Jones v. Grinnell Corp., 235 F.3d 972, 974 (5th Cir. 2001). Our analysis begins with the fundamental principle that the United States cannot be sued unless its sovereign immunity has been explicitly and unequivocally waived through Congressional statute. See United States v. Dalm, 494 U.S. 596, 608 (1990); see also Wilkerson v. United States, 67 F.3d 112, 188 (5th Cir. 1995). Where Congress has statutorily waived the United States's sovereign immunity, an action against the government will be strictly construed, and a court will lack subject matter jurisdiction over any action that does not fit within the scope of the Congressional waiver. See Wilkerson, 67 F.3d at 118. Courts have held that an action to quash a summons issued by the IRS is a suit against the United States requiring a waiver of its sovereign immunity. See Barmes v. United States, 199 F.3d 386, 388 (7th Cir. 1999) (citations omitted). Thus, resolution of

the Taylors's appeal turns on whether the government has waived its sovereign immunity with respect to the action they brought in the district court.

On appeal, the Taylors contend that the district court retained jurisdiction to grant the relief requested in their petition for two reasons: (1) the statutory exception that the district court believed stripped it of jurisdiction is inapplicable to their case; and (2) other federal statutes confer jurisdiction on the district court because Agent Booth's actions were unconstitutional, exceeded the scope of his statutory authority and were taken in his official capacity as an officer of the government and under color of law. We will address each of these arguments in turn.

A.

In their first point of error, the Taylors allege that the district court had jurisdiction over their petition to quash because Congress waived the government's sovereign immunity within the statutory framework of 26 U.S.C. § 7609.

As a general rule, § 7609 requires the IRS to serve anyone whose financial records are sought pursuant to a third-party summons with a notice copy of the summons. See 26 U.S.C. § 7609(a)(1). Persons entitled to notice may then bring a petition in federal district court to quash the summons. See 26 U.S.C. §§ 7609(b)(2) and (h)(1). The Taylors and the IRS agree that § 7609(b)(2) provides for waiver of the government's sovereign immunity with respect to a petition to quash brought by persons whose financial records are sought in an IRS summons issued to a third-party. However, the government urges that an exception to that waiver of sovereign immunity found at 26 U.S.C. § 7609(c)(2)(E), bars the Taylors from bringing a petition to quash.

In accordance with § 7602(b,) which gives the IRS the authority to issue a summons in connection with an inquiry into any "offense connected with the administration or enforcement of the internal revenue laws," § 7609(c)(2)(E)

excepts certain of those summonses from challenge in the district court if they are:

> (i) issued by a criminal investigator of the Internal Revenue Service in connection with the investigation of an offense connected with the administration or enforcement of the internal revenue laws; and

> (ii) served on any person who is not a third-party record keeper (as defined in § 7603(b).

See 26 U.S.C. § 7609(c)(2)(E)(i) - (ii). In turn, § 7603(b) lists a number of entities as third-party record keepers; however, LDS Church does not fit into any of those categories, a point conceded by the Taylors.[3]

Nevertheless, they maintain that 26 U.S.C. § 7609(c)(2)(E) is inapplicable to them. According to the Taylors, that section only applies to persons who may be employees or agents of the IRS, as such persons are tasked with the administration or enforcement of the internal revenue laws. Therefore, because the Taylors are not IRS employees or agents, they contend they cannot commit any offenses "connected with the administration or enforcement of the internal revenue laws" per §§ 7602(b) or 7609(c)(2)(E)(i). We disagree with the Taylors's reading of these statutory provisions.

---

[3] 26 U.S.C. § 7603(b)(2) provides the following list of third-party record keepers:
(A) any mutual savings bank, cooperative, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank. . . or any credit union . . . ;
(B) any consumer reporting agency . . . ;
(C) any person extending credit through the use of credit cards or similar devices;
(D) any broker . . . ;
(E) any attorney;
(F) any accountant;
(G) any barter exchange . . . ;
(H) any regulated investment company . . . and any agent of such regulated investment company when acting as an agent thereof;
(I) any enrolled agent; and
(J) any owner or developer of a computer software source code . . . .

A plain reading of §§ 7602(b) and 7609(c)(2)(E) demonstrates that these provisions relate to possible criminal offenses by a taxpayer that interfere with the IRS's administration or enforcement of the internal revenue laws, as opposed to offenses committed by IRS agents, as urged by the Taylors. Section 7602(b), added in 1982 to the statutory framework for IRS summonses, simply codified the extension of the IRS's summons power to investigations of a taxpayer's criminal tax-related liability. See Pub. L. No. 97-248, 96. Stat. 622. Further support for this reading of §§ 7602(b) and 7609(c)(2)(E) is found in the federal regulatory guidelines relating to the IRS's summons authority which explains that "[t]his summons power may be used in an investigation of either civil or criminal tax-related liability." See 26 C.F.R. § 301.7602-1(b)(1). Therefore, § 7602(b) gives the IRS the authority to issue summonses to investigate whether a taxpayer has criminally violated the internal revenue laws.

Here, Agent Booth submitted an affidavit attesting to the fact that the summons issued to LDS Church related to the Taylors's possible criminal tax-related liability for the years 2002-2005. Further, the Taylors acknowledge that LDS Church is not a third-party record keeper. Therefore, the exception of § 7609(c)(2)(E) fully applies to bar their petition to quash. Accordingly, the government's sovereign immunity has not been waived with respect to Taylors's petition, and the district court was without jurisdiction to adjudicate their claim.

B.

In their second point of error, the Taylors allege that the district court retained jurisdiction to grant the equitable relief alternatively sought in their petition to quash. The Taylors now concede that general jurisdictional statutes such as 28 U.S.C. §§ 1331, 1340, 1343(a)(3), 1346, and Article III of the United States Constitution are insufficient in themselves to confer such authority on the district court. However, they argue that other federal statutes give the district court power to grant their requested relief. Based on our review, none of the

statutes upon which the Taylors rely abrogate the government's sovereign immunity.

First, the Taylors rely on a line of cases that created the so-called "Larson-Dugan exception" to sovereign immunity to argue that because their petition alleged that the actions of an officer of the United States exceeded the scope of his statutory authority, the district court had jurisdiction to grant them relief. See Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682 (1949); Dugan v. Rank, 372 U.S. 609 (1963).

The Supreme Court has stated:

> There may be . . . suits for specific relief against officers of the sovereign which are not suits against the sovereign . . . . Where the officer's powers are limited by statute, his actions beyond those limitations are considered individual and not sovereign actions. The officer is not doing the business which the sovereign has empowered him to do or he is doing it in a way which the sovereign has forbidden. His actions are ultra vires his authority and therefore may be the object of specific relief.

See Larson, 337 U.S. at 690; Dugan, 372 U.S. at 621-22. However, the Taylors do not provide any facts to support their assertion that Agent Booth exceeded his statutory authority in issuing the summons to LDS Church. Rather, they make only the conclusory statement that Agent Booth's actions "egregiously exceed [the] limitations" of his statutory authority. As discussed above, § 7602(b) grants the IRS the power to issue summonses to third parties, like LDS Church, to investigate possible criminal tax violations of taxpayers, such as the Taylors. Therefore, Agent Booth's issuing of the summons to LDS Church was within the statutory grant of power, and the Taylors have not demonstrated that his actions overstepped the bounds of § 7602(b). Consequently, the Taylors have not demonstrated that they are entitled to relief under the Larson-Dugan exception to sovereign immunity.

Second, the Taylors contend that they are entitled to relief in the district court because Agent Booth violated the United States Constitution and "relevant statutes" in issuing the summons. Without providing any facts for this assertion, the Taylors argue that while 28 U.S.C. § 2679(b)(1) exempts government officers from suit individually for common law torts committed within the scope of their employment, that exemption does not apply where a civil action is brought against a government employee for violation of the United States Constitution or a federal statute. See 28 U.S.C. § 2679(b)(2).

As best we can determine, the Taylors seek relief from the summons by characterizing their petition to quash as a Bivens action whereby a person may seek damages and other relief when a federal agent has allegedly violated that person's constitutional rights. See Brown v. Nationsbank Corp., 188 F.3d 579, 590 (5th Cir. 1999) (citing Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics, 403 U.S. 388 (1971)). However, their petition to quash falls short of stating a Bivens claim as, significantly, they do not name Agent Booth, in his individual capacity, as a defendant in their action. See Williamson v. U.S. Dept. of Agriculture, 815 F.2d 368, 380-81 (5th Cir. 1987) (explaining that a Bivens action only applies against individual federal officers, in their individual capacities . . . [while] "[t]he United States and its officers in pursuit of their official duties remain protected by sovereign immunity."). Consequently, the Taylors cannot rely upon the waiver of sovereign immunity in 28 U.S.C. 2679(b)(2) to seek relief in the district court against the IRS.

Finally, the Taylors allege that § 702 of the Administrative Procedure Act ("APA") gives the district court power to grant them equitable relief from the IRS's summons. Section 702 waives sovereign immunity in regard to actions seeking nonmonetary relief and claiming "that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of

legal authority."[4] 5 U.S.C. § 702. However, § 702 further provides: "Nothing herein . . . confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief sought." Id. Therefore, a petitioner cannot bring an action against the United States under the APA if another statute prohibits his claim. See McCarty v. United States, 929 F.2d 1085, 1088 (5th Cir. 1991).

Here, the Anti-Injunction Act, 26 U.S.C. § 7421, specifically prohibits the injunctive relief the Taylors seek, as that statute provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." See 26 U.S.C. § 7421(a). Courts have held that this prohibition applies equally to actions to enjoin IRS investigations. See Hobson v. Fischbeck, 758 F.2d 579, 580-81 (11th Cir. 1985); United States v. Dema, 544 F.2d 1373, 1376 (7th Cir. 1976); accord Brittingham v. United States, 451 F.2d 315, 317-18 (5th Cir. 1971). Additionally, to the extent that the Taylors sought declaratory relief in the district court, the Declaratory Judgment Act, 28 U.S.C. § 2201, bars claims with respect to a dispute over federal taxes.[5] See Bob Jones Univ. v. Simon, 416 U.S. 725, 732 n.7 (1974) (explaining that Congress's enactment of 28 U.S.C. § 2201 evidences its "antipathy for premature interference with the assessment or collection of any federal tax."); accord Brittingham, 451 F.2d at 317-18. Therefore, as both the Anti-Injunction Act and the Declaratory Judgment Act bar the equitable relief sought by the Taylors,

---

[4] 5 U.S.C. §702 provides in relevant part:
An action in a court of the United States seeking relief other than monetary damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party . . . .

[5] 28 U.S.C. § 2201 provides: "In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States . . . may declare the rights and other legal relations of any interested party . . . ."

they cannot avail themselves of the APA's waiver of sovereign immunity to seek that relief in the district court.

## III.

For the foregoing reasons, we AFFIRM the ruling of the district court.