# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 9, 2025

Lyle W. Cayce
Clerk

No. 25-50081
Summary Calendar

———————————

Michael G. Pohl,

*Plaintiff—Appellant*,

*versus*

United States of America,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:23-CV-1446

———————————————————————

Before Clement, Engelhardt, and Douglas, *Circuit Judges*.
Per Curiam:[*]

Plaintiff-Appellant Michael Pohl—a veteran of the United States Air Force proceeding pro se—appeals the dismissal of his suit against the United States. For the following reasons, we AFFIRM.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50081

## I.

Pohl sued the United States in the Western District of Texas, alleging violations of the Fifth and Fourteenth Amendments, as well as 10 U.S.C. §§ 1210 and 10154.[1] Pohl asserts that the government allegedly failed to make a disability determination, which rendered him ineligible for disability retirement benefits under 10 U.S.C. § 1204. In terms of relief, Pohl seeks a final determination of his disability and requests that he be made "whole."

The government moved to dismiss Pohl's claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The district court granted the motion, concluding that (1) Pohl's claims against the United States were barred by sovereign immunity because Pohl did not allege a valid waiver of immunity, and (2) even if Pohl alleged a valid waiver, his claims were barred by res judicata because the suit involved the same claims he previously raised in the Court of Federal Claims. The district court struck Pohl's sur-reply to the motion to dismiss, various filings that the district court construed as amending Pohl's response to the motion to dismiss, and various filings the district court construed as amended complaints because Pohl filed them without properly obtaining leave. We review the district court's decision to strike Pohl's pleadings and grant the motion to dismiss below.

---

[1] Pohl first sued the United States in the Court of Federal Claims alleging violations of 10 U.S.C. § 1204 and procedural and substantive due process under the Fifth Amendment. The government moved to dismiss the case on the grounds that the court lacked subject matter jurisdiction because Pohl's claims were barred by the statute of limitations, and the Court of Federal Claims agreed. *Pohl v. United States*, No. 21-1482C, 2022 WL 2232302, at *1, 7–9 (Fed. Cl. June 21, 2022), *aff'd*, No. 2022-2080, 2023 WL 2982476 (Fed. Cir. Apr. 18, 2023), *cert. denied*, 144 S. Ct. 284 (2023). The Federal Circuit affirmed. *Pohl*, 2023 WL 2982476, at *6.

## II.

We review a district court's decision to strike a pleading from the record for abuse of discretion. *Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007).

The district court's decision to strike Pohl's sur-reply to the motion to dismiss, Pohl's amended response to the motion to dismiss, and Pohl's amended complaints was not an abuse of discretion. The district court struck the sur-reply and amendments to Pohl's response to the motion to dismiss because local rules in the Western District of Texas prevent a party from filing a sur-reply without leave of the court, and Pohl did not seek leave of the court. W.D. Tex. Loc. R. CV-7(e)(1).

Pohl argues that this panel should not view his "adding of additional complaints and evidence" as amending his complaint. We disagree. Pohl's argument concedes that his filings were in fact amending his complaint. Pohl amended his complaint once as a matter of course, Fed. R. Civ. P. 15(a)(1), but he did not receive leave from the court or the government's permission to further amend his complaint as is required under Federal Rule of Civil Procedure 15(a)(2).

## III.

"We review the district court's grant of a 12(b)(1) motion to dismiss de novo." *McLin v. Twenty-First Jud. Dist.*, 79 F.4th 411, 415 (5th Cir. 2023). "When a Rule 12(b)(1) motion is filed with other Rule 12 motions, the court first considers its jurisdiction." *Id.*

The government argues that Pohl did not plead any waiver of sovereign immunity in either the district court or this court, and therefore, "his claims are jurisdictionally barred." Pohl contends that the government waived sovereign immunity when it "willingly violated" his rights. Pohl

asserts that if a court "cannot order the [government] to comply with a federal law that specifically directs them to perform an action by claiming sovereign immunity, then that law . . . is rendered meaningless and the rights of those protected by it are effectively reduced to nothing more than a non-existent right." Pohl also argues that this court has jurisdiction over this case because under Article III, Section 2 of the Constitution, courts have jurisdiction when the United States is a party to a case or controversy.

"Sovereign immunity is jurisdictional in nature." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied. Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). "[T]he burden of establishing the [waiver] rests upon the party asserting jurisdiction," which in this case, is Pohl. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

The Little Tucker Act provides jurisdiction to federal district courts for civil actions or claims "against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress." 28 U.S.C. § 1346(a)(2). Pohl has failed to show that his claims do not exceed $10,000.

Separately, Pohl has not identified a waiver of the government's sovereign immunity in the text of the Fifth and Fourteenth Amendments or 10 U.S.C. §§ 1210 and 10154. *See United States v. $4,480,466.16 in Funds Seized from Bank of Am. Acct. Ending in 2653*, 942 F.3d 655, 663 (5th Cir. 2019) (acknowledging that the Fifth Amendment's due process clause does

No. 25-50081

not automatically waive sovereign immunity); *S.F. Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 542 n.21 (1987) ("The Fourteenth Amendment applies to actions by a State."). Moreover, this court has recognized that Article III of the Constitution does not, by itself, waive the federal government's sovereign immunity. *Taylor v. United States*, 292 F. App'x 383, 387 (5th Cir. 2008) (per curiam).

\*\*\*

For these reasons, we AFFIRM.[2]

---

[2] As noted above, the district court also dismissed Pohl's case as barred by res judicata. Because we affirm on the basis of sovereign immunity, we need not reach the res judicata analysis.