*1098 Id. at ¶ 75. The Order Granting Permanent Injunction refers to Gray as "Respondent" and enjoins her as follows:
The injunction would prohibit the Respondent from having any contact whatsoever with any current or former residents of Harmony House, whether that contact be direct, or indirectly through a third person. Further, contact is to include personal contact, electronic contact by such methods as email, texting, cell phones, or by letter or other method of communication. Respondent is further enjoined and prohibited from discussing any incidents or situations involving Harmony House, its residents, employees, or former residents or employees. The injunction should further provide that a violation of the terms and provisions of the injunction will subject the Respondent to be held in contempt of court, and subject to the ramifications caused by a violation of an order of the court.
Id.; Compl., Ex. A at ¶ 4.
Following the injunction, Gray filed a complaint with the North Dakota Department of Labor and Human Rights asserting claims of retaliation. Compl. ¶ 81. After those proceedings concluded, Gray brought the current action. Id.
II. ANALYSIS
The State Defendants argue that the Court lacks jurisdiction to hear Gray's claims under the Rooker - Feldman doctrine, the All Writs Act, and the Declaratory Judgment Act. Defs.' Mem. 3-7, 11-16. The State Defendants also argue that Gray failed to state a claim for which relief can be granted under 42 U.S.C. § 1983. Id. at 9-11. Finally, the State Defendants argue that the Court should abstain under Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Id. at 16-21.
The same standards are applied to a Rule 12(b)(1) and a 12(b)(6) motion to dismiss. Satz v. ITT Financial Corp., 619 F.2d 738, 742 (8th Cir. 1980). When ruling on a motion to dismiss, the Court must accept the allegations in the complaint as true. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Allegations are viewed in the light most favorable to the nonmoving party. Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 595 (8th Cir. 2009). The Court will grant a motion to dismiss if the complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S.Ct. 1955. Rule 12(b)(1) requires dismissal if the Court lacks subject matter jurisdiction over the claims. Wheeler v. St. Louis Southwestern Ry. Co., 90 F.3d 327, 329 (8th Cir. 1996). When deciding a motion to dismiss under Rule 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Braden, 588 F.3d at 594.
A. Rooker - Feldman Doctrine
Gray argues that the Court has federal jurisdiction to hear the case and that the Rooker - Feldman doctrine does not bar the Court from hearing her claims because she is pursuing independent retaliation claims. Pl.'s Opp'n 18-20. She claims that she is not seeking to re-litigate the merits of the injunction issued by the RCDC. Id. at 20.
"Federal courts are courts of limited jurisdiction ... [and] possess only that power authorized by Constitution and statute which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (citations omitted). Gray bears the burden of establishing that this Court has jurisdiction to hear this case. Id. According to the Supreme Court, lower federal courts lack jurisdiction over any direct challenges to *1099 any claims or final state court decisions that are "inextricably intertwined" with those decisions. Robins v. Ritchie, 631 F.3d 919, 925 (8th Cir. 2011) (quoting District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 n.16, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) ); see also Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). "Federal claims are inextricably intertwined with state-court claims if the federal claims can succeed only to the extent the state court wrongly decided the issues before it[,]" or if the requested relief would reverse or void the state decision. Ritchie, 631 F.3d at 925 ; see Fielder v. Credit Acceptance Corp., 188 F.3d 1031, 1034-35 (8th Cir. 1999).
Here, Gray is seeking a review of the injunction issued by the RCDC, and she asks this Court to void or reverse that ruling. See Compl. ¶ 134 (requesting the Court issue "a declaration that the Temporary and Permanent Injunctions ordered by Ramsey County district court in Civil Case No. 36-2016-CV-00299, Devils Lake Public Schools v. Katherine Gray, are void as unconstitutional and shall not be enforced"). Gray's claims are actually a collateral attack on the RCDC's ruling and proceedings, rather than a constitutional attack. "If the state trial court erred in the extent it addressed the issue the [plaintiff is] now pressing, relief was available in the appellate courts of [that state]." In re Goetzman, 91 F.3d 1173, 1178 (8th Cir. 1996). Gray's federal claims are direct challenges to the rulings issued in the RCDC and are "inextricably intertwined" with those rulings. Therefore, this Court lacks jurisdiction to hear these claims under the Rooker - Feldman doctrine and those claims against the State Defendants must be dismissed. See id. (explaining a party "cannot now bring an action in federal court which would effectively reverse the state court decision or void its ruling").
Even if this Court erred in ruling that it lacked jurisdiction to hear the claims under the Rooker - Feldman doctrine, or any other jurisdictional doctrines,[3] Gray's claims against the State Defendants are undoubtedly dismissed because she failed to state a proper claim upon which relief could be granted.
B. Failure to State a Claim under 12(b)(6)
The State Defendants argue that the claims against them ought be dismissed because (1) the Eleventh Amendment bars suits against them, and (2) Gray has failed to state a claim under 42 U.S.C. § 1983. Defs.' Mem. 7-11.
1. Eleventh Amendment & Section 1983
The Eleventh Amendment bars most suits against states in the federal courts. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (noting that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state" (quoting Employees of Dep't of Pub. Health & Welfare v. Department of Pub. Health & Welfare, 411 U.S. 279, 280, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973) ) ). "[A]s when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief."
*1100 Id. at 101-02, 104 S.Ct. 900. "In Ex parte Young, [209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) ]," however, "the Supreme Court held that the Eleventh Amendment does not bar a suit against a state official to enjoin enforcement of an allegedly unconstitutional statute, provided that 'such officer [has] some connection with the enforcement of the act.' " Reproductive Health Servs. of Planned Parenthood of St. Louis Region, Inc. v. Nixon, 428 F.3d 1139, 1145 (8th Cir. 2005) (quoting Ex parte Young, 209 U.S. at 157, 28 S.Ct. 441 ).
Here, the RCDC is part of the state judicial system, and thus a suit against the RCDC is a suit against the State for purposes of the Eleventh Amendment. The claims against it are therefore dismissed.
Moreover, entities entitled to sovereign immunity under the Eleventh Amendment cannot be sued under section 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 64-67, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) ; Thomas v. Illinois, 697 F.3d 612, 613 (7th Cir. 2012). Gray agrees that if the RCDC cannot be sued under section 1983, then the claim against it as it pertains to count VI should be dismissed. Pl.'s Opp'n 16.
Stenehjem argues that the suit should be dismissed against him as well because as a state official, he is immune from suit. Gray urges the Court to apply the Ex parte Young exception because she seeks a declaratory judgment that will offer prospective relief against the injunction-an act that is not barred by sovereign immunity. See Ex parte Young, 209 U.S. at 157, 28 S.Ct. 441. She explains Stenehjem is authorized to enforce the injunction under North Dakota Century Code sections 27-10-01.3. Pl.'s Opp'n 13-14. In Nixon, the 8th Circuit held that "statutory authority creates a sufficient connection with the enforcement of [the injunction] to make the Attorney General a potentially proper party for injunctive relief, in which case he would be within the scope of the Ex parte Young exception to Eleventh Amendment immunity." Nixon, 428 F.3d at 1145. Gray, however, failed to demonstrate that Stenehjem either commenced or even threatened to enforce the injunction. The Ex parte Young exception applies only to officials "who threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act, violating the Federal Constitution." 209 U.S. at 156, 28 S.Ct. 441. Gray "has shown no threat of irreparable injury by the Attorney General" and thus Gray cannot seek her desired relief in this Court. Nixon, 428 F.3d at 1145 ; see also Pennhurst, 465 U.S. at 100-03, 104 S.Ct. 900. For these same reasons, Gray has failed to state a claim under section 1983 against Stenehjem. See Ex parte Young, 209 U.S. at 157, 28 S.Ct. 441 ; Will, 491 U.S. at 71, 109 S.Ct. 2304.
Gray argues that even if the State Defendants are immune from suit, the claims should not be dismissed because they are necessary parties to obtain the relief she seeks. Pl's Opp'n 16 n.1. Regardless, Gray has failed to show that the State Defendants waived sovereign immunity to allow a suit to proceed in federal court against them. See Detroit Int'l Bridge Co. v. Government of Canada, 192 F.Supp.3d 54, 68 (D.D.C. 2016) ("[A State's] immunity would not be an issue if there were an 'unmistakably clear' abrogation of the State's immunity by Congress or an 'express and unequivocal' waiver of its immunity by [the State], thereby allowing the State to be sued in federal court." (quoting Kickapoo Tribe of Indians of Kickapoo Reservation v. Babbitt, 43 F.3d 1491, 1496 (D.C. Cir. 1995) ) ). For these reasons as well, this Court must dismiss the claims against the State Defendants.
*1101 C. Declaratory Judgment (Count VI)
Gray argues that the Court possesses jurisdiction over the State Defendants under the Declaratory Judgment Act, 28 U.S.C. § 2201, because she invoked federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343, and under 42 U.S.C. § 1983. Pl.'s Opp'n 23. " '(T)he federal courts established pursuant to Article III of the Constitution do not render advisory opinions. "For adjudication of constitutional issues 'concrete legal issues, presented in actual cases, not abstractions' are requisite. This is as true of declaratory judgments as any other field." Golden v. Zwickler, 394 U.S. 103, 108, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969) (quoting United Public Workers of America (C.I.O.) v. Mitchell, 330 U.S. 75, 89, 67 S.Ct. 556, 91 L.Ed. 754 (1947) ). In order properly to issue a declaratory judgment, this Court must ask "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy." Id. (quoting Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941) ). Here, Gray does not allege in her complaint a controversy relating to Stenehjem. Stenehjem has neither commenced nor even threatened to enforce the injunction. Therefore, count VI of the complaint must be dismissed as to him. See id. ; Eccles v. Peoples Bank of Lakewood Village, Cal., 333 U.S. 426, 68 S.Ct. 641, 92 L.Ed. 784 (1948) ; Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937).
Count VI of the complaint must also be dismissed as to the RCDC because Gray has not exhausted her remedies under the state's appeals process. The relief Gray seeks, overturning the injunction issued by the state trial court, could be sought through an appeal at the state level. See N.D.C.C. § 28-27-02(3) (listing orders reviewable by the state appeals court of North Dakota, including "[a]n order which grants, refuses, continues, or modifies a provisional remedy, or grants, refuses, modifies, or dissolves an injunction or refuses to modify or dissolve an injunction, whether such injunction was issued in an action or special proceeding or pursuant to the provisions of section 35-22-04, or which sets aside or dismisses a writ of attachment for irregularity"). Count VI is essentially a collateral attack on the state court's order. It should be resolved by an appeal. "[A] declaratory judgment action cannot be used as a substitute for an appeal, nor does it provide a means whereby previous judgments rendered by state or federal courts may be reexamined." Baier v. Parker, 523 F.Supp. 288, 290 (M.D. La. 1981). Therefore, count VI is dismissed as to the RCDC.
D. All Writs Act (Count VII)
In count VII of her complaint, Gray requests that the Court strike down the injunctions issued by the RCDC under the All Writs Act, 28 U.S.C. § 1651. Compl. ¶¶ 135-139. This Court must dismiss Count VII. "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. Because this authority "exists for the sole purpose of protecting the jurisdiction of the federal courts," however, "federal courts have no power to issue a writ of mandamus in an original action brought for the purpose of securing relief by the writ, and this result is not changed because the relief sought concerns an alleged right secured by the Constitution of the United States." Craigo v. Hey, 624 F.Supp. 414, 416 (S.D. W. Va. 1985). Here, the Court does not have subject matter jurisdiction over the case because it did not issue any previous orders in connection with the case. "[T]his Court *1102 has no original jurisdiction in this matter now presented and it in no sense sits as an appellate or supervisory tribunal for any state court of [North Dakota]." Id. Therefore, this Court dismisses count VII.
E. Younger Abstention
The State Defendants argue that the Court should abstain as required by Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). " Younger abstention is mandatory when: (1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." Spargo v. New York State Comm'n on Judicial Conduct, 351 F.3d 65, 75 (2nd Cir. 2003). Even were this Court not required to dismiss this action for the reasons already discussed, it would abstain from hearing Gray's claims because she has not exhausted all her state appellate remedies. Gray "may not avoid the standards of Younger by simply failing to comply with the procedures of perfecting its appeal within the [North Dakota] judicial system." Huffman v. Pursue, Ltd., 420 U.S. 592, 611 n.22, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975) ; see New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 368, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989).
Moreover, North Dakota has an interest in enforcing its own judgments and rulings:
Not only would federal injunctions in such cases interfere with the execution of state judgments, but they would do so on grounds that challenge the very process by which those injunctions were obtained. So long as those challenges relate to pending state proceedings, proper respect for the ability of state courts to resolve federal questions presented in state-court litigation mandates that the federal court stay its hand.
Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 14, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987). Gray does not allege how proceeding in state court would hinder her ability to present her federal constitutional claims.
Gray argues that this Court ought not abstain because the proceedings and injunction against her were initiated in bad faith and "motivated by a desire to harass and retaliate against" her. Pl.'s Opp'n 9. Gray, however, does not allege any bad faith or misconduct committed by Stenehjem or the RCDC.
Moreover, the relief sought by Gray is not "wholly prospective" as she claims, a possible exception to Younger abstention, because in her complaint, she asks the Court to declare "void as unconstitutional" or alternatively "strik[e] down," the temporary and permanent injunction issued by the RCDC. Compl. ¶¶ 134, 139; see Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 166-67 (4th Cir. 2008) (citing Wooley v. Maynard, 430 U.S. 705, 711, 97 S.Ct. 1428, 51 L.Ed.2d 752 (1977) ). Consequently, this Court abstains from exercising jurisdiction in this case as to counts VI and VII.
III. CONCLUSION
For all the foregoing reasons, the Court GRANTS the State Defendants' motion to dismiss the claims against them.
SO ORDERED.

The Court does not have jurisdiction over the State Defendants under the Declaratory Judgement Act, 28 U.S.C. § 2201. See infra Section C. In addition, the All Writs Act, 28 U.S.C. § 1651, does not grant the Court jurisdiction to hear the claims. See infra Section D. The Court must also abstain from exercising jurisdiction pursuant to Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). See infra Section E.